UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF CHRISTOPHER
DOUCETTE, SEAN DOUCETTE,
AND PATRICK DOUCETTE,
       PLAINTIFFS

VS.

CIVIL ACTION NO. 04-10960-PBS

PANERA, INC,
       DEFENDANT

## AMENDED COMPLAINT

1. This is a civil action for damages arising from the defendant's negligent operation of a restaurant known as Panera Bread in Swampscott, MA, which negligence caused a severe burn injury to plaintiff Taramattie Doucette on November 10, 2001, with resulting consortium damages to her husband and children.

## JURISDICTION

2. This Court has diversity jurisdiction over the plaintiffs' claims under 28 U.S.C. s. 1332, in that the plaintiffs and the defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest or costs.

## PARTIES

3. Plaintiff Taramattie Doucette is an adult resident of Swampscott, Essex County, Massachusetts, and is a citizen of the United States.

4. Plaintiff Robert Doucette is an adult resident of Swampscott, Essex County, Massachusetts, and is a citizen of the United States; he is the husband of Taramattie Doucette; he

brings his individual claims and appears as next friend of his minor children, Christopher, Sean, and Patrick Doucette.

5. Plaintiffs Christopher, Sean, and Patrick Doucette are the minor children of Taramattie and Robert Doucette; they reside with their parents in Swampscott, Essex County, Massachusetts, and are citizens of the United States; their claims are brought by their father and next friend, Robert Doucette.

6. Defendant Panera, Inc. is a corporation organized under the laws of the State of Delaware, and with principal place of business in Richmond Heights, Missouri, and is a citizen of the United States.

CLAIMS

7. On November 10, 2001,  plaintiff Taramattie Doucette was standing on line, awaiting the delivery of her order, at the Panera Bread bakery and restaurant (hereinafter, "Panera Bread") located on Paradise Road, Swampscott, MA, a business owned and operated by the defendant.

8. At the Swampscott Panera Bread, the defendant failed to exercise due care and was negligent in designing its hot coffee service so that employees would be carrying large containers of hot coffee through areas where customers would be standing, to reach the hot coffee distribution bar.

9. At approximately 11:45 a.m., on the Saturday morning of November 10, 2001, while plaintiff Taramattie Doucette waited on line at Panera Bread, an employee of the defendant who was carrying  a large urn containing hot coffee toward the coffee bar,  negligently spilled the entire container on the plaintiff's ankle and foot.

10. The scalding liquid filled and remained in plaintiff Taramattie Doucette's  tied shoe,

2

and caused deep second degree burns.

11. Plaintiff Taramattie Doucette suffered agonizing pain, swelling, and blistering of the burned area.

12. Plaintiff Taramattie Doucette was taken by ambulance to the Emergency Room at North Shore Medical Center in Salem, MA, where she was given various pain medications including morphine intravenously, and underwent a debriding and cleaning procedure.

13. Later that evening, plaintiff Taramattie Doucette was in such agony, and the burned area was blistering so badly, that she and her husband, plaintiff Robert Doucette, returned to North Shore Medical Center to have the burn re-dressed and to receive additional pain medication.

14. On the morning of November 11, 2001, plaintiff Taramattie Doucette sought treatment from her primary care physician, who arranged for daily at-home visits by the visiting nurse association.

15. On the evening of November 12, 2001, plaintiff Taramattie Doucette's excruciating pain required further treatment by her primary care physician, who examined her burns and ordered a morphine injection for pain.

16. Between November 13, 2001 and November 19, 2001, plaintiff Taramattie Doucette had daily visits from the visiting nurse, who re-dressed the wound and advised the plaintiff on managing the adverse effects of pain medication.

17. Plaintiff Taramattie Doucette suffered pain and hypersensitivity at the burn site for many months, and consulted with her primary physician and with a neurologist through at least August, 2003.

3

18. Due to her injury, plaintiff Taramattie Doucette was unable to walk for a week, and was confined to her home, except to seek medical treatment, for an additional week; she needed crutches to walk, for two months following her injury.

19. Plaintiff Taramattie Doucette is an attorney, and her capacity to function as an attorney was substantially impaired for several months due to this injury; she was unable to work at all for two weeks following the injury, and had to limit her time at work for months thereafter.

20. Plaintiff Taramattie Doucette was unable for many months to afford her husband, plaintiff Robert Doucette, the care, companionship, support and intimacy that the couple had enjoyed prior to her injury.

21. Plaintiff Taramattie Doucette was unable for many months to afford her children the care, attention and support that the children had enjoyed prior to their mother's injury.

22. The plaintiffs have suffered injuries and losses far in excess of seventy-five thousand dollars ($75,000.00).

## COUNT I - TARAMATTIE DOUCETTE'S DAMAGES FROM BODILY INJURY DUE TO DEFENDANT'S NEGLIGENCE

23. Plaintiff Taramattie Doucette re-states and re-alleges paragraphs 1 through 22.

24. Defendant is liable to Taramattie Doucette for her injuries and losses resulting from the defendant's negligence and the negligence of its employee, in the amount of no less than one hundred and seventy-five thousand dollars ($175,000), which damages include but are not limited to her medical expenses, impairment of earning capacity, pain and suffering, and diminution of enjoyment of life.

4

## COUNT II - ROBERT DOUCETTE'S DAMAGES FOR LOSS OF CONSORTIUM

25. Plaintiff Robert Doucette re-states and re-alleges paragraphs 1 through 22.

26. Defendant is liable to Robert Doucette for the loss of his wife's consortium, in the amount of no less than one hundred thousand dollars ($100,000), including her care, companionship, support and intimacy, resulting from the defendant's negligence and the negligence of its employee.

## COUNT III - CHRISTOPHER DOUCETTE'S DAMAGES FOR LOSS OF CONSORTIUM

27. Plaintiff Robert Doucette, as next friend of Christopher Doucette re-states and re-alleges paragraphs 1 through 22.

28. Defendant is liable to Robert Doucette, on behalf of Christopher Doucette, in the amount of no less than fifty thousand dollars ($50,000) for Christopher's loss of his mother's consortium resulting from the defendant's negligence and the negligence of its employee.

## COUNT IV - SEAN DOUCETTE'S DAMAGES FOR LOSS OF CONSORTIUM

29. Plaintiff Robert Doucette, as next friend of Sean Doucette, re-states and re-alleges paragraphs 1 through 22.

30. Defendant is liable to Robert Doucette, on behalf of Sean Doucette, in the amount of no less than fifty thousand dollars ($50,000), for Sean's loss of his mother's consortium resulting from the defendant's negligence and the negligence of its employee.

## COUNT V- PATRICK DOUCETTE'S DAMAGES FOR LOSS OF CONSORTIUM

31. Plaintiff Robert Doucette, as next friend of Patrick Doucette, re-states and re-alleges

5

paragraphs 1 through 22.

32. Defendant is liable to Robert Doucette, on behalf of Patrick Doucette, in the amount of no less than fifty thousand dollars ($50,000) for Patrick's loss of his mother's consortium resulting from the defendant's negligence and the negligence of its employee.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiffs pray that this Honorable Court:

1. Enter judgment for plaintiff Taramattie Doucette against the defendant in an amount sufficient to compensate her for her injuries and losses, and no less than one hundred and seventy-five thousand dollars ($175,000) under Count I.

2. Enter judgment for plaintiff Robert Doucette against the defendant in an amount sufficient to compensate him for his loss of his wife's consortium, and no less than one hundred thousand dollars ($100,000), under Count II.

3. Enter judgments for Robert Doucette, on behalf of and as next friend of each of the plaintiffs Christopher, Sean, and Patrick Doucette, in amounts sufficient to compensate each of the minor plaintiffs for their loss of their mother's consortium, and no less than fifty thousand dollars ($50,000) for each minor plaintiff, under Counts III, IV and V.

4. The plaintiffs demand a trial by jury.

Respectfully submitted,

Deborah A. Boggs, BBO#047800
Margaret G. Barmack, BBO#029660
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902
Tel. 781-596-2540

6

# BARMACK & BOGGS

*Attorneys at Law*

41 Ocean Street
Lynn, Massachusetts 01902

Margaret G. Barmack
Deborah A. Boggs

Area Code 781
Tel. 596-2540
Fax: 596-8634

May 26, 2004

Clerk's Office
Suite 2300
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: Taramattie Doucette vs. St. Louis Bread Company, Docket No. 04-10960-PBS

Dear Sir/Madam:

The plaintiffs have discovered that the defendant should be identified as "Panera, Inc.," rather than St. Louis Bread Company. The original complaint and summons have not yet been served on the defendant, and the plaintiffs are entitled to file an amended complaint under Rule 15(a). Enclosed please find the amended complaint, and substitute civil cover sheet, civil category sheet, and summons. Please endorse and return the summons.

Thanks very much.

Sincerely,

Margaret G. Barmack
MGB/hs

Enc.