UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF CHRISTOPHER
DOUCETTE, SEAN DOUCETTE,
AND PATRICK DOUCETTE,
    PLAINTIFFS

VS.                          CIVIL ACTION NO. 04-10960-PBS

PANERA, INC,
    DEFENDANT

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND FOR AN AWARD OF ATTORNEYS FEES, PURSUANT TO FED.R.CIV.P. 37

In support of their motion to compel answers to interrogatories and for an award of attorneys fees pursuant to Fed.R.Civ.P.37 and Local Rule 37.1, the plaintiffs state the following:

1. On or about July 14, 2004, the plaintiffs served their Rule 26a(1) mandatory disclosure materials by mailing to the defendant;

2. On or about August 19, 2004, the plaintiffs served their First Set of Interrogatories, of which a copy is attached hereto and incorporated herein, by mailing to the defendant;

3. To date, October 29, 2004, the defendant has not served its answers to the plaintiffs' interrogatories;

4. On October 13, 2004, the plaintiffs sent a written request to the defendant, requesting a telephone conference regarding the defendant's answers, and requesting that the defendant's counsel respond within seven days to this request for a telephone conference, pursuant to Local

# BARMACK & BOGGS
*Attorneys at Law*

41 Ocean Street
Lynn, Massachusetts 01902

Margaret G. Barmack
Deborah A. Boggs

Area Code 781
Tel. 596-2540
Fax: 596-8634

August 19, 2004

Atty. Christopher Sullivan
Davis, White & Sullivan PC
One Longfellow Place, Suite 3609
Boston, MA 02114

Re: Doucette, et al. vs. Panera, Inc., U.S. District Court, D.Mass., Civil Action No. 04-10960-PBS

Dear Atty. Sullivan:

Enclosed please find the Plaintiffs' First Set of Interrogatories, answers to which are due within thirty days of service.

Thanks very much.

Sincerely,

*[signature]*
Margaret G. Barmack
MGB/hs

Enc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE, ET AL.,
PLAINTIFFS

VS.                                             CIVIL ACTION NO. 04-10960-PBS

PANERA, INC.,
DEFENDANT

PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed.R.Civ.P. 33, Local Rule 26.5, and Local Rule 33.1, the plaintiffs request that the defendant provide answers to the following interrogatories within 30 days. When used in these interrogatories, the term "you" refers to defendant Panera, Inc.; the term "Panera restaurant" refers to the Panera Bread restaurant in Swampscott, MA.; the term "incident" refers to the spilling of hot coffee on plaintiff Taramattie Doucette on November 10, 2001.

1. Please identify the person answering these interrogatories, and state his or her relationship to the defendant.

2. Please state the basis for your assertion in your Answer, Third Affirmative Defense, that "If the plaintiffs were injured and damaged as alleged then such injury was not caused by the defendant or by any person for whose conduct the defendant is legally responsible."

3. Please state the basis for your assertion in your Answer, Fifth Affirmative Defense, that "the plaintiff has failed to name and join an indispensable party pursuant to Rule 19, F.R.C.P."

4. Please state the basis for your assertion in your Answer, Seventh Affirmative Defense, that "The Plaintiffs' Complaint should be dismissed on the basis of misnomer of party."

5. Please identify all persons who were working at the Panera restaurant on November 10, 2001 at the time of the incident, including but not limited to the person who spilled coffee on plaintiff Taramattie Doucette, and that person's supervisor(s).

6. For each person identified in your answer to interrogatory no. 5, please state whether that person still works for you in any capacity, and state the capacity and location of the person's employment.

7. For the person whom you have identified as having spilled the coffee on Taramattie Doucette in the incident, please state that person's age on the date of the incident, the date upon which that person was first employed at the Panera restaurant, whether that person was a full or part-time employee at the time of the incident, and that person's job title and job description on the date of the incident.

8. Please identify all persons known to you who were witnesses to the incident .

9. Please identify all persons known to you who were witnesses to events at the Panera restaurant immediately after the incident, and until Taramattie Doucette was taken from the restaurant.

10. Please identify all witnesses known to you who have provided a statement in any form to any of your employees, agents, insurance carriers, liability adjustors, or attorneys, including in your answer when the statement was made, how it was made, and to whom it was made.

11. Please describe each and every step in the process by which the Panera restaurant supplied its coffee station(s) with hot coffee on the day of the incident.

12. Please describe in detail the container from which the hot coffee was spilled on Taramattie Doucette in the incident, including but not limited to the size and shape, volume capacity, type of handle, lid, name and address of manufacturer, name of product, and date of purchase by the Panera restaurant.

13. Please describe any and all precautions which the Panera restaurant took to prevent the spilling of hot coffee on its patrons during the process of supplying hot coffee to the coffee station(s) on the day of the incident.

14. Please state whether you are aware of any incidents in upon which any of your patrons or customers were injured by the spilling of hot coffee at any time, in any of your restaurants, prior to the date of the incident.

15. If your answer to interrogatory no. 14 is anything but "no," please state for each incident the date and place where the injury allegedly occurred, the identity of the person(s) who reported being injured by the coffee; any courts in which allegedly injured persons have filed suit against you; and the docket numbers for any claims which have been filed in any courts against you alleging such coffee burn injuries.

For the plaintiffs,

Margaret G. Barmack, Esq.
BBO #029660
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902
Tel. 781-596-2540

Certificate of Service

I, Margaret G. Barmack, hereby certify that the within First Set of Interrogatories was served on the defendant by mailing postpaid on even date to Atty. Christopher Sullivan, at Davis, White & Sullivan PC, One Longfellow Place, Suite 3609, Boston, MA 02114.

Date: 8/19/04

Margaret G. Barmack

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF CHRISTOPHER
DOUCETTE, SEAN DOUCETTE,
AND PATRICK DOUCETTE,
    PLAINTIFFS

VS.                                      CIVIL ACTION NO. 04-10960-PBS

PANERA, INC,
    DEFENDANT

## AFFIDAVIT OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND FOR AN AWARD OF ATTORNEYS FEES, PURSUANT TO FED.R.CIV.P. 37

Now comes the undersigned, Margaret G. Barmack, who states and deposes as follows:

1. I, Margaret G. Barmack, have been a member of the Massachusetts Bar since 1975, and of the bar of the United States District Court, District of Massachusetts, since 1977;

2. I represent the plaintiffs in this civil action for damages resulting from a severe burn suffered by plaintiff Taramattie Doucette due to the defendant's negligence in a Panera Bread restaurant in Swampscott, MA;

3. I am an experienced attorney in the field of personal injury litigation, and a reasonable rate for my legal services in attempting to secure the defendant's answers to the plaintiffs' interrogatories is $225 per hour;

4. To date, I have spent 1.75 hours in drafting the letter to defendant's counsel seeking a conference under Local Rule 37.1, and in drafting the motion, memorandum and affidavit filed

by the plaintiffs pursuant to Rule 37 and Rule 37.1.

Signed under the pains and penalties of perjury, this 29th day of October, 2004.

_____
Margaret G. Barmack