UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TARAMATTIE DOUCETTE, ROBERT DOUCETTE, INDIVIDUALLY AND AS NEXT FRIEND OF CHRISTROPHER DOUCETTE, SEAN DOUCETTE AND PATRICK DOUCETTE,<br><br>         PLAINTIFFS<br>V.<br><br>PANERA, INC.<br>         DEFENDANT | CIVIL ACTION NO. 04-10960-PBS |

## DEFENDANT PANERA INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Defendant Panera, Inc. opposes the Plaintiffs' Motion to Compel Answers to Interrogatories on the grounds that is has answered the Plaintiffs' Interrogatories and has served a copy on the Plaintiff. A copy of the Defendant's Answers to Plaintiffs' First Set of Interrogatories and the Certificate of Service for the same is attached hereto as Exhibit A.

Respectfully submitted,
PANERA, INC.
By its Attorney,

_/s/ Christopher J. Sullivan_
Christopher J. Sullivan, BBO# 545137
DAVIS, WHITE & SULLIVAN, LLC
One Longfellow Place, Suite 3609
Boston, MA 02114
(617) 720-4060

## CERTIFICATE OF SERVICE

I, Christopher Sullivan, counsel for the defendant Panera, Inc., do hereby certify on November 11, 2004, I served the within documents on all parties of interest, by mailing copy of same, postage prepaid to:

Deborah A. Boggs, Esq.
Margaret G. Barmack, Esq.
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902

Christopher J. Sullivan, BBO# 545137

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE, )
ROBERT DOUCETTE, INDIVIDUALLY )
AND AS NEXT FRIEND OF CHRISTROPHER )
DOUCETTE, SEAN DOUCETTE AND )
PATRICK DOUCETTE, )
           PLAINTIFFS )
V. ) CIVIL ACTION NO. 04-10960-PBS
 )
PANERA, INC. )
           DEFENDANT )

## DEFENDANT PANERAL INC.'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1. Please identify the person answering these interrogatories, and state his or her relationship to the defendant

Objection is made to this interrogatory and all subsequent interrogatories, pursuant to Rule 12(b)(8), M.R.C.P. on the basis of misnomer of party. Without waiving the above objection, the defendant states the following:

ANSWER: 1. Jerry Bader; 6710 Clayton Road, Richmond Heights, MO 63117; I hold the position of Risk Manager.

2. Please state the basis for your assertion in your Answer, Third Affirmative Defense, that "If the plaintiffs were injured and damaged as alleged then such injury was not caused by the defendant or by any person for whose conduct the defendant is legally responsible.

ANSWER NO. 2. Objection is made to this interrogatory on the grounds it calls for a legal conclusion. Interrogatories may not call for opinions, conclusions or contentions because the seeking of facts is the only proper object of discovery.

Zinsky v. New York C.R. Co., 36 FRD 680 (1964, D.C. Ohio)

Fischberg Porter Co. v. Sheffield Corp. FRD 534 (1962, D.C. Del)

Subject to the foregoing objection, the dropping of the coffee appears to have been an accident which was not an event anticipated by the Defendant nor one which was expected to take place on the day of the accident. The employee carrying the coffee urn simply had it slip from his control at the time of the accident.

3. Please state the basis for your assertion in your Answer, Fifth Affirmative Defense, that "the plaintiff has failed to name and join an indispensable party pursuant to Rule 19, F.R.C.P."

ANSWER NO. 3. . Objection is made to this interrogatory on the grounds it calls for a legal conclusion. Interrogatories may not call for opinions, conclusions or contentions because the seeking of facts is the only proper object of discovery.

Zinsky v. New York C.R. Co., 36 FRD 680 (1964, D.C. Ohio)

Fischberg Porter Co. v. Sheffield Corp. FRD 534 (1962, D.C. Del)

Subject to the foregoing objection, I would state the following: The defendant Panera, Inc. is misnamed as the correct corporate defendant.

4. Please state the basis for your assertion in your Answer, Seventh Affirmative Defense, that "The Plaintiffs' Complaint should be dismissed on the basis of misnomer of party."

ANSWER NO. 4. . Objection is made to this interrogatory on the grounds it calls for a legal conclusion. Interrogatories may not call for opinions, conclusions or contentions because the seeking of facts is the only proper object of discovery.

Zinsky v. New York C.R. Co., 36 FRD 680 (1964, D.C. Ohio)

Fischberg Porter Co. v. Sheffield Corp. FRD 534 (1962, D.C. Del)

Subject to the foregoing objection, I would state the following: The defendant Panera, Inc. is misnamed as the correct corporate defendant.

5. Please identify all persons who were working at the Panera restaurant on November 10, 2001 at the time of the incident, including but not limited to the person who spilled coffee on plaintiff Taramattie Doucette, and that person's supervisor(s).

ANSWER NO. 5.

| **Name** | **Address** |
|---|---|
| Dennis Tarr G.M. 666 | 24 Nancy Avenue, Peabody, MA 01960<br>DOH 10/27/02 |
| Brenda Wilson 666 | 13 Corbin Rd. Oxford, MA<br>DOH/Term: 10/19/01-12/30/01 |
| Brandon Sakurai 666 | 44 Norfolk Ave., Swampscott, MA 01907<br>DOH/Term: 9/1/01-5/11/02 |
| Dayonis Valquez 666 | 11 South Street, Lynn, MA 01905<br>DOH 7/5/00 |
| Delfino Pablo 666 | 15 Court Street, Lynn, MA 01902<br>DOH/Term 7/18/01-2/15/03 |
| Renato Viganeep 666 | 36 Nahant Place, Apt. #3<br>Lynn, MA 01902<br>DOH: 7/1/01 |
| Saida Perez 666 | 11 South Street, Lynn, MA 01905<br>DOH: 5/11/99 |
| Lucrecia Perez 666 | 498 Essex Street, Lynn, MA 01902<br>DOH/Term: 9/26/97 -4/16/03 |

6. For each person identified in your answer to interrogatory no.5, please state whether that person still works for you in any capacity, and state the capacity and location of the person's employment.

ANSWER NO. 6. Please see my answer to previous interrogatory.

7. For the person whom you have identified as having spilled the coffee on Taramattie Doucette in the incident, please state that person's age on the date of the incident, the date upon which that person was first employed at the Panera restaurant, whether that person

was a full or part-time employee at the time of the incident, and that person's job title and job description on the date of the incident.

ANSWER NO. 7. Brandon Sakurai, 17 years old, DOH (9/1/01) part-time associate.

8. Please identify all persons known to you who were witnesses to the incident.

ANSWER NO. 8. Please see the Customer Incident Report attached hereto as Exhibit "A" and my answers to Interrogatory #5.

9. Please identify all persons known to you who were witnesses to events at the Panera restaurant immediately after the incident, and until Taramattie Doucette was taken from the restaurant.

ANSWER NO. 9. . Please see the Customer Incident Report attached hereto as Exhibit "A" and my answers to Interrogatory #5.

10. Please identify all witnesses known to you who have provided a statement in any form to any of your employees, agents, insurance carriers, liability adjustors, or attorneys, including in your answer when the statement was made, how it was made, and to whom it was made.

ANSWER NO. 10. Objection is made to this interrogatory on the grounds that it requests information acquired and assembled in anticipation of litigation and the plaintiff has not made the required showing in accordance with Rule 26(b)(3), F.R.C.P. Objection is also made to this interrogatory on the grounds that it calls for the disclosure of information which is in violation of the attorney/client privilege. Finally, the information is beyond the scope of reasonable discovery as set forth in Rule 26(b)(4), F.R.C.P. Objection is further made to this interrogatory on the grounds that it calls for the disclosure of information which is in violation of the attorney work product doctrine. Finally, the information is beyond the scope of reasonable discovery as set forth in Rule 26(b)(5), F.R.C.P. in that verbal and written statements have been given to and from counsel for the

Defendant from the Defendant and its employees. Subject to the foregoing objection, please see Exhibit "A".

11. Please describe each and every step in the process by which the Panera restaurant supplied its coffee station(s) with hot coffee on the day of the incident.

ANSWER NO. 11. Please see attached Operating Procedures attached hereto as Exhibit "B".

12. Please describe in detail the container from which the hot coffee was spilled on Taramattie Doucette in the incident, including but not limited to the size and shape, volume capacity, type of handle, lid, name and address of manufacturer, name of product, and date of purchase by the Panera restaurant.

ANSWER NO. 12. Please see attached Operating Procedures attached hereto as Exhibit "B".

13. Please describe any and all precautions which the Panera restaurant took to prevent the spilling of hot coffee on its patrons during the process of supplying hot coffee to the coffee station(s) on the date of the incident.

ANSWER NO. 13. Please see attached Operating Procedures attached hereto as Exhibit "B" and Associate Training Guide attached hereto as Exhibit "C".

14. Please state whether you are aware of any incidents in upon which any of your patrons or customers were injured by spilling of hot coffee at any time, in any of your restaurants, prior to the date of the incident.

ANSWER NO. 14. I am unable to answer this question as the Defendant has hundreds of restaurants across the country. I am certain at one time or another a customer has spilled hot coffee and/or come into contact with hot coffee at our restaurants. I am unaware of any incident similar to the one involving the Plaintiff.

15. If your answer to interrogatory no. 14 is anything but "no" please state for each incident the date and place where the injury allegedly occurred, the identity of the person(s) who reported being injured by the coffee; any courts in which allegedly injured persons have filed suit against you; and the docket numbers for any claims which have been filed in any courts against you alleging such coffee burn injuries.

ANSWER NO. 15. I am unable to answer this question as the Defendant has hundreds of restaurants across the country. I am certain at one time or another a customer has spilled hot coffee and/or come into contact with hot coffee at our restaurants. I am unaware of any incident similar to the one involving the Plaintiff.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___ DAY OF ___ 2004.

PANERA, INC.

BY: _____

As to Objections:

_____
Christopher J. Sullivan, Esquire
BBO#548137