UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TARAMATTIE DOUCETTE,<br>ROBERT DOUCETTE, INDIVIDUALLY<br>AND AS NEXT FRIEND OF CHRISTOPHER<br>DOUCETTE, SEAN DOUCETTE AND<br>PATRICK DOUCETTE,<br>　　　　　PLAINTIFFS<br>V.<br><br>PANERA, INC.<br>　　　　　DEFENDANT | CIVIL ACTION NO. 04-10960-PBS |

## STIPULATED PROTECTIVE ORDER

Whereas, in the course of discovery in this civil action, Panera, Inc. ("Panera") will be required to disclose information that contains its trade secrets or other confidential research, development, or commercial information (collectively called "confidential information") to counsel, expert witnesses, and/or other persons; and

Whereas, the Court and the parties deem it appropriate to provide for the protection of that confidential information;

It is hereby ordered that this Stipulated Protective Order be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1. This Stipulated Protective Order shall govern the use of all information that is produced pursuant to proceedings in this case, including documents produced in response to requests for production, interrogatory answers, responses to requests for admissions, and any deposition, hearing, or trial testimony that is designated as "CONFIDENTIAL" by Panera.

2. Information that is designated as CONFIDENTIAL shall only be used by counsel of the parties to this action and may be disclosed only as is reasonably necessary for the prosecution of this lawsuit to the following individuals:

    a) The plaintiff's counsel of record, her staff, her client and outside copying services after counsel has agreed to comply with Paragraph 14 of this Stipulated Protective Order;

    b) Persons who are retained as expert witnesses or as non-testifying consultants after they comply with Paragraph 3 of this Order;

    c)    Any persons who are designated to receive CONFIDENTIAL material by this Court after they comply with Paragraph 3 of this Order; and

    d)    Any deponents or witnesses at the time of their testimony after they comply with Paragraph 3 of this Order.

3. The persons described in Paragraph 2(b), (c) and (d) shall not be given access to CONFIDENTIAL information until they have certified that they have read this Order, have agreed to be bound by it, and have signed a copy of the "ACKNOWLEDGMENT." (See ACKNOWLEDGMENT, attached hereto as Exhibit A). Each executed ACKNOWLEDGMENT, except those of expert witnesses and non-testifying consultants, shall be served upon counsel for Panera by facsimile and United States Mail, and disclosure of CONFIDENTIAL material to such person shall not be made until five (5) business days after the date of that service. An ACKNOWLEDGMENT executed by an expert witness shall be served in the same manner on Panera after identification of the testifying expert in accordance with the rules of this Court. An ACKNOWLEDGMENT of a non-testifying consultant shall be served in the same manner at the close of discovery.

4. Each recipient of CONFIDENTIAL information agrees to subject himself or herself to the jurisdiction of this Court for any proceeding related to compliance with or violation of this Order.

5. Each recipient of CONFIDENTIAL information shall keep that information in a manner that will maintain its confidentiality and will not share that information with any person, other than the attorneys of record and/or other persons who have signed an ACKNOWLEDGMENT.

6. Panera shall be required to designate CONFIDENTIAL information as follows:

    a)    In case of documents and discovery responses by placing the legend "CONFIDENTIAL" on each page of each document; and

    b)    In the case of depositions, designations of those transcripts that contain CONFIDENTIAL information shall be made by a statement on the record during the deposition by Panera's counsel. Upon each such designation by Panera's counsel, the cover page of the deposition and each exhibit that contains CONFIDENTIAL information shall be identified by the court reporter as CONFIDENTIAL. The court reporter shall have the obligation to segregate all portions of the transcript and all deposition exhibits that have been designated as containing CONFIDENTIAL testimony or information by placing those portions of the transcript and exhibits in a sealed envelope at the end of the transcript that shall be marked as CONFIDENTIAL and that shall include a copy of this Order.

7.  Nothing in this Order shall prevent any party from using CONFIDENTIAL material in connection with any pleadings filed in this case, provided that such materials shall be filed under seal or submitted to the Court for <u>in camera</u> inspections.

8.  The attorneys of record shall have the right to challenge Panera's designation of information or testimony as CONFIDENTIAL. In order to challenge a CONFIDENTIAL designation, counsel must give written notice to Panera's attorney of record identifying the specific CONFIDENTIAL designation that is being challenged and stating the basis for the challenge. Panera's counsel shall have seven (7) working days to respond to counsel's challenge. If Panera does not withdraw the CONFIDENTIAL designation, then the parties shall work in good faith to resolve their dispute with regard to the designation. If such good faith efforts are not successful, counsel may, upon certification that a good faith effort has been made to resolve the dispute, seek appropriate relief from this Court. The parties are not obligated to challenge the propriety of a CONFIDENTIAL designation at the time it is made by Panera, and failure to do so shall not preclude a subsequent challenge.

9.  The Clerk of the Court is directed to maintain under seal all materials filed by any party that are designated as CONFIDENTIAL by Panera as provided by Local Rule 7.2 of the Federal Rules of Civil Procedure. The procedures for use of CONFIDENTIAL material at hearing or trial will be resolved by the Court as appropriate. It is specifically ordered that no document or material bearing the designation CONFIDENTIAL shall be released to the jury and that Panera will provide a copy of such documents without the CONFIDENTIAL marking prior to its use before a jury.

10. It is understood that discovery from non-parties may involve disclosure of information that Panera regards as CONFIDENTIAL. Upon disclosure or production of such information, Panera may designate it as CONFIDENTIAL within ten (10) days of receipt of the information by Panera's counsel and for this reason documents and other information produced by non-parties shall be deemed as CONFIDENTIAL for a period of ten (10) business days following their production.

11. The unintended disclosure by Panera of CONFIDENTIAL material, which has not been designated as such at the time of disclosure, shall not be deemed a waiver of Panera's claim of confidentiality, either as to the specific information disclosed or as to any other confidential information relating to it. Counsel for the parties shall upon discovery of an unintended error, cooperate to restore to the extent possible the confidentiality of the CONFIDENTIAL material that was unintentionally disclosed.

12. This Order shall not be construed to apply to any information that is otherwise available to the public or that any party is able to demonstrate was already known to a party to its representatives at the time of its production by Panera.

13. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege. If prompt notification is made and the producing party establishes the circumstances surrounding the document's inadvertent production, such inadvertently produced documents and all copies thereof shall be returned to the producing party or destroyed, upon request of the producing party.

14. Within sixty (60) days after the termination of this litigation and/or any appeals, all materials designated as CONFIDENTIAL, including all copies, shall be returned to Panera's counsel.

IT IS SO ORDERED.

_____         5/21/05
Judge of the United States District Court        Dated
for the District of Massachusetts


SO STIPULATED AND AGREED:

BARMACK & BOGGS
Counsel for Plaintiffs, Taramattie Doucette, Robert Doucette, Individually and as Next Friend of Christopher Doucette, Sean Doucette and Patrick Doucette,


By:   /s/ Margaret G. Barmack
      Margaret G. Barmack, BBO# 029660
      BARMACK & BOGGS
      41 Ocean Street
      Lynn, Massachusetts 01902

        DAVIS, WHITE & SULLIVAN, LLC
        Counsel for Defendant, Panera, Inc.


By:    /s/ Joseph A. Merlino
        Christopher J. Sullivan, BBO# 545137
        Joseph A. Merlino, BBO# 648647
        DAVIS, WHITE & SULLIVAN, LLC
        One Longfellow Place, Suite 3609
        Boston, Massachusetts 02114
        (617) 720-4060

**EXHIBIT A**

## ACKNOWLEDGMENT

The undersigned _____ hereby acknowledges that he or she: has received a copy of the Stipulated Protective Order entered in the case <u>Taramattie Doucette, Robert Doucette, individually and as next friend of Christopher Doucette, Sean Doucette and Patrick Doucette v. Panera Inc.</u>, No. 04-10960-PBS (United States District Court, Massachusetts District); has read and understood the Stipulated Protective Order; agrees to be bound by it; and by singing this ACKNOWLEDGMENT submits to the jurisdiction of the Massachusetts District of the United States District Court.

Dated: _____

_____
Name (printed)

_____
Signature

_____

_____

_____
Address