UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                    PLAINTIFFS

VS.                                        CIVIL ACTION NO. 10960-PBS

PANERA, INC.,
                    DEFENDANT


JOINT PRE-TRIAL CONFERENCE MEMORANDUM

The parties, having conferred, submit this Memorandum prior to the Pre-Trial

Conference scheduled for Monday, June 6, 2005.

(1) Concise summary of evidence to be offered at trial:

(a) Plaintiffs

On November 10, 2001, Brandon Sakurai, defendant's sixteen-year-old employee at

its restaurant in Swampscott, MA, was carrying a canister containing 1.75 gallons of

freshly brewed coffee, at nearly boiling temperature, from the coffee brewing station

to the coffee service station, through a crowd of Panera customers.    Plaintiff

Taramattie Doucette and her ten-year-old son, Christopher, were Panera customers.

Mr. Sakurai dropped the canister onto the floor, the top came off, and scalding hot

coffee splashed onto Taramattie Doucette's right foot and ankle.  The coffee was

trapped inside her laced sneaker.  Ms. Doucette suffered second degree burns on her

foot and ankle.  This was an agonizing injury, requiring debridement of burned skin,

and daily wound cleansing to prevent infection.  Ms. Doucette, an attorney, returned

to her office at Greater Boston Legal Services at the end of November, 2001; she did

much of her work at home through the end of that year.  Ms. Doucette was on crutches until the end of January, 2002.  Her wound gradually healed, but she is left with lingering neuropathic symptoms, including itching and prickling sensations and hypersensitivity to changes in temperature or air currents.

Ms. Doucette's ability to be a wife and mother to her family was greatly compromised in the period following her injury; for example, she and her husband did not resume intimate relations until the Spring of 2002, and their relationship was not fully restored for more than two years after the injury.

(b)  Defendant:

On November 10, 2001, the Plaintiff sustained a burn to her right foot and ankle when a canister of coffee fell from the hands of a Panera employee and struck the ground causing the coffee to splash upon the Plaintiff's foot. The Plaintiff was assisted by a Panera employees and a patron who was a nurse at a burn unit at a local hospital.  The Plaintiff received first aid and was transported to the North Shore Medical Center.  The Plaintiff received daily visits at her home from a nurse during the week following the accident.  Under the nurse's care, the Plaintiff made a good recovery reducing the pain level by over half.  By November 22, 2001, the Plaintiff returned to work.

Dr. Joseph G. D'Alton will testify the Plaintiff received second-degree burns to her foot for which she received appropriate treatment and had good healing of the original burn.  Dr. D'Alton will testify the medical documentation and evidence, including an examination of the Plaintiff, does not support her assertion she presently suffered from "phantom pain syndrome" and neuropathic pain syndrome.

The Plaintiff will also fail to establish that her "ability to be a wife and mother to her family was greatly compromised" was a direct consequence of the accident of November 10, 2001. The evidence will show there were complications in the Plaintiff's marriage dating back to 1992 when she filed for divorce citing cruel and abusive as the basis for the complaint. The Plaintiff claims to experience continuous discomfort to her foot in the form of a prickly feeling which occurs when there is a change in temperature. The medical evidence, however, is expected to contradict the Plaintiff's claim of continuing pain and disability. The Plaintiff's discomfort shortly after the accident was minimal and not such that it has "compromised" her ability to be a mother to her children.

(2) Facts established by pleadings or by stipulations or admissions of counsel:

The Defendant is prepared to stipulate to the issue of liability, but not causation or damages at the time of trial.

(3) Contested issues of fact:

The Plaintiff's injuries, medical treatment, and alleged disability of the Plaintiff are all contested issues of fact.

(4) Jurisdictional questions:

None.

(5) Any questions raised by pending motions:

The Defendant expects to file a Motion in Limine regarding past accidents at the Defendant's other franchise locations nationwide.

Plaintiffs' pending motion to compel production of documents from defendant would require defendant to produce any customer incident reports, up to date of incident, regarding hot coffee burns to defendant's customers.

The Defendant states the Plaintiff has since narrowed her document request after the Defendant objected to its scope.  The Defendant is making an inquiry into the Plaintiff's amended request and will respond accordingly.

Plaintiffs state that they have not narrowed their document request, and that Defendant's counsel stated that Defendant would search its records for the requested customer incident reports.  Due to the Defendant's promised search, the Plaintiffs have not yet filed their Motion to Compel.

(6)  Issues of law:

(7)  Requested amendments to the pleadings:

(8)  Additional matters:

(9)  Probable length of trial:

Three days.

(10)    Witnesses to be called:

Taramattie Doucette, 34 Hardy Road, Swampscott, MA 01907

Robert Doucette, 34 Hardy Road, Swampscott, MA 01907

Susan Burke, R.N., 57 Shepard Avenue, Swampscott, MA 01907

Yan Klyachman, 1 Wallen Way, Middleton, MA 01949

Dennis Tarr, Panera Bread, 433 Paradise Road, Swampscott, MA 01907

Brandon Sakurai, 44 Norfolk Avenue, Swampscott, MA 01907

Dayanis Volquez, 11 South Street, Lynn, MA

Lucrecia Perez, 43 Pinkham Street, Lynn, MA

Paula Hovey, R.N., VNA of Greater Salem, 800 Cummings Center, Suite 166S,

Beverley, MA 01915

John Schulz, M.D., Ph.D., Massachusetts General Hospital, 22 Fruit Street, Boston,

testimony expected to be by videotape deposition;

Joseph G. D'Alton, M.D., 463 Worcester Road, Framingham, MA 01701,


(11)     Proposed exhibits:

1) Diagram of Panera restaurant interior, at time of incident (Defendant Objects)

2) Model IC-175 coffee canister (Defendant Objects)

  Taramattie Doucette's medical records:

3) North Shore Ambulance Inc., 11/10/01;

4) Salem Hospital Emergency, 11/10/01

5) Harvard Vanguard Medical Associates, 11/10/01 – 10/8/02;

6) Visiting Nurses Association of Greater Salem, 11/13/01 – 11/19/01;

7) Dr. Steven Van Dam, 7/14/03;

8) Dr.  David J.Crowley; 8/18/03;

9) Dr.  Kenneth C. Gorson, 10/4/04;

10) Pharmacy records, CVS pharmacy, 2002 – 2005;

11) Photographs of Plaintiff's foot, showing area of burn and blistering.

12) Medical Report of Defendant's Expert, Joseph G. D'Alton, MD. (<u>Plaintiffs Object</u> – inadmissible hearsay)

13) Greater Boston Legal Services – Plaintiff's Employment records of Taramattie Doucette

14) Divorce Pleadings and Records of Taramattie Doucette and Robert Doucette, Essex County Probate Court (<u>Plaintiffs Object</u> – irrelevant to any issue being tried)

15) Photograph of Plaintiff's foot taken at Deposition, November 19, 2004

Respectfully Submitted,
DAVIS, WHITE & SULLIVAN, LLC
Counsel for Defendant, Panera, Inc.

<u>/s/ Christopher J. Sullivan</u>
Christopher J. Sullivan, BBO# 545137
Joseph A. Merlino, BBO# 648647
DAVIS, WHITE & SULLIVAN, LLC
One Longfellow Place, Suite 3609
Boston, Massachusetts 02114
(617) 720-4060

BARMACK & BOGGS
Counsel for Plaintiffs, Taramattie Doucette,
Robert Doucette, Individually and as Next
Friend of Christopher Doucette, Sean
Doucette and Patrick Doucette,


/s/ Margaret G. Barmack
Margaret G. Barmack, BBO# 029660
BARMACK & BOGGS
41 Ocean Street
Lynn, Massachusetts 01902
(781) 596-2540

## <u>CERTIFICATE OF SERVICE</u>

     I, Joseph A. Merlino, counsel for the defendant Panera, Inc., do hereby certify on June 3, 2005 I served the within documents on all parties of interest, by mailing copy of same, postage prepaid to:

Margaret G. Barmack, Esq.
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902

<u>/s/ Joseph A. Merlino</u>
Joseph A. Merlino