UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TARAMATTIE DOUCETTE, | ) | |
| ROBERT DOUCETTE, INDIVIDUALLY | ) | |
| AND AS NEXT FRIEND OF CHRISTROPHER | ) | |
| DOUCETTE, SEAN DOUCETTE AND | ) | |
| PATRICK DOUCETTE, | ) | CIVIL ACTION NO. 04-10960-PBS |
| PLAINTIFFS | ) | |
| V. | ) | |
| | ) | |
| PANERA, INC. | ) | |
| DEFENDANT | ) | |

### DEFENDANT'S MOTION TO STRIKE
### PLAINTIFF'S REQUEST FOR ADMISSIONS

NOW COMES, the Defendant, Panera, Inc., and requests this Honorable Court to strike the Plaintiff's Request for Admissions which were served upon the Defendant on June 30, 2005. At the time of service, the discovery deadline had already expired on March 18, 2005 after it was informally extended from the Court's deadline of February 18, 2005.  In addition, the Plaintiff's Request for Admissions relate to liability and the negligence of Defendant, Panera Bread.  Prior to the Plaintiff's service of the Request for Admissions, the Defendant had already agreed to stipulate to liability.  The Defendant responded by letter to Plaintiff's counsel stating it was not going to respond to any of the Plaintiff's discovery requests that related to the Defendant's negligence.  Therefore, the Plaintiff's Request for Admissions should be stricken.  In support thereof, the Defendant states the following:

1.  On or about August 17, 2004, this Honorable Court issued a Scheduling Order establishing a "Fact Discovery" deadline for February 15, 2005. See Scheduling Order attached hereto as Exhibit A (Hard copies of the Exhibits will be forwarded under a separate cover).

2. In the course of litigation the parties, without leave of the Court, agreed to informally extend the discovery deadline to March 18, 2005. See Letter to Margaret Barmack, Esq. dated February 2, 2005 attached hereto as Exhibit B.

3. On May 17, 2005, the parties participated in court mandated mediation with Mediator Nicholas S. Guerrera.

4. By the time mediation took place, discovery had been completed in that all witnesses had been deposed, the parties disclosed their respective experts pursuant to the Scheduling Order and each party forwarded formal responses to Requests for Production of Documents and Interrogatories.

5. Witnesses deposed by the Defendant in April and May were subpoenaed on or about February 1, 2005 (prior to the discovery deadline). They were continued at the request of the witnesses.

6. Trial was originally scheduled for June 13, 2005 but was continued by the parties in anticipation of a conflict the Court had with the date and as a means to provide additional time to resolve the matter through settlement discussions. The trial was continued to October 3, 2005.

7. On June 30, 2005, the Plaintiff forwarded the Plaintiff's Request for Admissions which related to the question of liability. See Plaintiff's Request for Admissions dated June 30, 2005 attached hereto as Exhibit C.

8. In response to the Plaintiff's Request for Admissions, counsel for the Defendant forwarded letter to Plaintiff's counsel stating that it will no longer respond to discovery requests and that liability was no longer at issue since the Defendant

      already stipulated to liability.  <u>See</u> Letter to Margaret Barmack, Esq. dated July 1, 2005 attached hereto as Exhibit D.

9. Counsel for the Plaintiff claims the assertions made in Plaintiff's Request for Admissions are admitted by the Defendant because it did not respond within the time permitted by the Federal Rules of Civil Procedure and intends to rely on said admissions at the time of trial.

10. The Plaintiff's Request for Admissions was served over three (3) months after the discovery deadline lapsed and is, therefore, untimely and should be stricken.

WHEREFORE, the Defendant requests this Honorable Court to strike the Request for Admissions which was filed three (3) months after the discovery deadline or in the alternative, allow the Defendant to file formal responses.

                                            Respectfully submitted,
                                            Panera Bread, Inc.
                                            By its Attorneys,

                                            <u>/s/ Christopher J. Sullivan</u>
                                            Christopher J. Sullivan, BBO# 548137
                                            Joseph A. Merlino, BBO# 648647
                                            DAVIS, WHITE & SULLIVAN, LLC
                                            One Longfellow Place, Suite 3609
                                            Boston, MA  02114
                                            (617) 720-4060

DATED:  _____

# **CERTIFICATE OF SERVICE**

      I, Christopher J. Sullivan, counsel for the defendant Panera, Inc., do hereby certify on September 12, 2005, I served the Defendant's Motion to Strike Plaintiff's Request for Admissions along with Exhibits on all parties of interest, by mailing copy of same, postage prepaid to:

Margaret G. Barmack, Esq.
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902

                                          /s/ Christopher J. Sullivan
                                          Christopher J. Sullivan

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1**

      I, Christopher J. Sullivan, counsel for the defendant Panera, Inc., do hereby certify that I have complied with Local Rule 37.1 by making a good faith attempt to confer with counsel including engaging in a telephone conference with plaintiff's counsel, prior to filing the within Motion to Strike Plaintiff's Request for Admissions.

Date:  September 12, 2005　　　　　　　　/s/ Christopher J. Sullivan
　　　　　　　　　　　　　　　　　　　　Christopher J. Sullivan