UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE, ET AL.,
PLAINTIFFS

VS.                                    CIVIL ACTION NO. 04-10960-RBC

PANERA, INC.,
DEFENDANT

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
TO STRIKE PLAINTIFFS' REQUEST FOR ADMISSIONS

Now come the plaintiffs to oppose the defendant's Motion to Strike Plaintiffs' Request for Admissions, stating as grounds for their opposition that said motion is improper under the Federal Rules of Civil Procedure, and that even if the Court were to consider the defendant's motion on its merits, the defendant has not provided a sound basis for allowing it to withdraw its admission to the propositions set out in the plaintiffs' Request for Admissions.

A. Procedural and Factual Background

Although Judge Saris' scheduling order for this matter required discovery to be completed by February 15, 2005, with trial to start on June 13, 2005, the parties by mutual agreement continued to conduct discovery well into May, 2005. For example, the defendant scheduled a Rule 35 examination of plaintiff Taramattie Doucette for May 24, 2005, and the plaintiff attended that examination. (Exhibit A, attached hereto).

On June 6, 2005, at a pre-trial conference with Judge Saris, the parties discussed the possible transfer of this matter for trial to Magistrate Judge Collings, with the hope that a trial would occur during the Fall of 2005. On June 28, 2005, the defendant sent the plaintiffs a letter confirming that Judge Collings' clerk had informed the defendant that

the Court had set the trial date for October 3, 2005. (Exhibit B, attached hereto). On Thursday, June 30, 2005, the plaintiffs served a Request for Admissions upon the defendant, by mailing postpaid to defendant's counsel. (Exhibit C, attached hereto). On Friday, July 1, 2005, the defendant provided its Supplemental Response to the Plaintiffs' Second Request for Production of Documents, together with a cover letter asking the plaintiffs to sign a certain limited Stipulation as to liability which the defendant had proposed, and asserting that "since liability is not contested in this action our office will not respond to any further discovery requests relating to liability or Panera, Inc.'s negligence." (Exhibit D, attached hereto). The defendant made no reference to the plaintiffs' Request for Admissions in its July 1st letter, dated only one day after the plaintiffs mailed their Request. The defendant served no response at all to the plaintiffs' Request for Admissions, except the instant Motion to Strike.

### B. The defendant failed to respond to the plaintiffs' Request for Admissions as required under Rule 36, and the defendant is deemed to have made the admissions requested by the plaintiffs.

Rule 36 of the Federal Rules of Civil Procedure states clearly what a party must do when its opponent serves a Request for Admissions:

> "The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter....."

If a party believes that it should not be required to respond in writing to a Request for Admissions, the party may move for a protective order under Rule 26(c). "An objection

2

and a motion for a protective order are the only proper means by which a request may be challenged." Wright, Miller & Marcus, 8A <u>Federal Practice and Procedure</u> (1994), s.2262. A Motion to Strike, filed more than two months after service of the plaintiffs' Request for Admissions and three weeks before trial, is not a proper response under the Rules, and should be denied.

The requirement that the recipient of a Request for Admissions take some affirmative step, either to answer the Request or to seek a protective order, is not merely a matter of form. It plays the role of letting the parties know what they will be required to prove as they prepare for trial. In this instance, the defendant simply ignored the plaintiffs' Request for Admissions, with the result that the plaintiffs rightfully assumed that the facts set out in the Admissions were admitted. Only now, three weeks from trial, does the defendant file and serve its Motion to Strike.

It is extraordinarily disingenuous for the defendant to contend that it "responded" to the plaintiffs' Request for Admissions in its counsel's letter of July 1, 2005. This letter was focused on other matters, particularly the plaintiffs' efforts to require the defendant to disclose prior incidents of coffee burns at the defendant's restaurants, and the defendant's insistence that it need not respond to such requests. This letter had nothing to do with the Request for Admissions.

B. <u>The defendant is mistaken in its contention that it did not need to respond to the plaintiffs' Request for Admissions because the deadline for discovery set out in the Court's Scheduling Order had passed.</u>

Although Rule 36 appears in the section of the Federal Rules of Civil Procedure entitled "Depositions and Discovery," a Request for Admissions serves a quite different

3

purpose than the other rules in this section. Rather than seeking new factual information, a Request for Admissions simply requires the opposing party formally to admit the truth of facts that have already been "discovered," so that trial may be expedited as factual issues are eliminated from the case. Due to this difference in function, it does not serve the purposes of the Rules or of judicial economy to prevent parties from seeking admissions under Rule 36 after the general discovery deadline. See, Kershner v. Beloit Corporation, 106 F.R.D. 498, 499 (D.Maine, 1985)(although party filed Request for Admissions thirty days after the general discovery cut-off date, the opposing party was required to respond to the "untimely" requests, since "[t]he principal use of admissions of fact is to serve the purpose of expediting the trial and to relieve the parties of the burdens and expense of proving at trial facts which are undisputed."); see also, Hurt v. Coyne Cylinder Co., 124 F.R.D. 615 (N.D.Ill. 1988)(opposing party was required to respond to Requests for Admission, although served only fifteen days before discovery deadline; "when the intended functional purpose of Rule 36 is considered, the fact that the rule ... is included in the discovery section...[there] seems [to be] little reason to cut off the reasonable utilization of requests for admissions before trial as is usually done with discovery.")

Particularly when a party would not be prejudiced by having to respond to its opponent's Request for Admissions, it is appropriate not to apply the general discovery cut-off date to service of the Request. See, Kershner, supra, at 499. In the instant matter, when the plaintiffs served their Request for Admissions on June 30, 2005, the parties knew that the case would not be tried sooner than October 3, 2005. The plaintiffs'

4

Request was served more than three months before trial. The defendant was not prejudiced by the timing of this Request.

C. <u>The defendant is mistaken in its contention that the plaintiffs are not allowed to seek admissions relating to the circumstances of plaintiff Taramattie Doucette's injury, and to the defendant's negligence.</u>

The Plaintiffs' Request for Admissions reflect facts about the circumstances of the plaintiff's injury that were discovered from the defendant's current and former employees, and its documents. These facts relate to the defendant's method of serving coffee to its customers, including the defendant's requiring its employees to carry a canister containing 1.75 gallons of scalding hot coffee a distance of about thirty-five feet, on a route through crowds of restaurant customers. It was in this context that the defendant's employee dropped the heavy canister, and splashed the hot coffee onto Taramattie Doucette's ankle and foot. The defendant itself was negligent in using this method of coffee service; the negligence does not belong only to the defendant's employee who happened to be the one to drop the heavy canister.

The defendant would like to cut off all evidence of the circumstances of the plaintiff's injury by the device of stipulating that dropping the canister was a negligent act by the defendant's employee. The defendant will stipulate to vicarious liability for its employee's negligence, and hopes to rule out any evidence of direct corporate negligence. The plaintiffs contend that they should be allowed to provide evidence of direct corporate negligence, and their Requests for Admission are intended to simplify the presentation of this information to the jury.

In any event, the plaintiffs' Requests for Admission as to aspects of the defendant's direct corporate liability are properly within the ambit of Rule 36, and the defendant's willingness to stipulate to vicarious liability does not bar the plaintiffs from making said Requests, or protect the defendant from the requirement of responding to the plaintiffs' Requests. "Admissions obtained under Rule 36 may be offered in evidence at…trial…., but they are subject to all pertinent objections to admissibility that may be interposed at trial." Wright, et al., supra, s. 2264. The defendant will have its opportunity to contest the admissibility of the propositions contained in the plaintiffs' Request for Admissions.

Conclusion

For the above reasons, the defendant's Motion to Strike should be denied, and the defendant should be deemed to have admitted the propositions set out in the Request for Admissions.

Respectfully submitted,

For the plaintiffs

Margaret G. Barmack, BBO#029660
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902
Tel. 781-596-2540

Certificate of Service

I, Margaret G. Barmack, hereby certify that the within Opposition was served on the defendant by mailing postage paid on even date to Atty. Christopher Sullivan, at Davis, White & Sullivan LLC, One Longfellow Place, Suite 3609, Boston, MA 02114.

Date: 9/14/05

Margaret G. Barmack

# Davis, White & Sullivan, LLC

Attorneys at Law
One Longfellow Place, Suite 3609
Boston, MA 02114
Telephone: (617) 720-4060
Telecopier: (617) 720-4055

Ex A

Phillip M. Davis††
David A. White*
Suzanne Davis White
Christopher J. Sullivan

Eric M. Collins
Kevin J. Fleming
Marc J. Tassone*
Jay A. Potter
Joseph A. Merlino‡

May 19, 2005

**VIA FACSIMILE**: (781) 596-8634
-Hard Copy to Follow-
Margaret G. Barmack, Esq.
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902

Re: Taramattie Doucette, Robert Doucette, Individually and as next friend of Christopher Doucette, Sean Doucette and Patrick Doucette v. Panera, Inc.
Civil Action No. 04-10960-PBS

Dear Attorney Barmack:

In your letter dated May 10, 2005, you agreed to produce Mrs. Doucette for an independent medical examination and indicated she would be available any day during the week of May 23rd. You stated she preferred a time that was earlier in the day.

The physician, Dr. Joseph D'Alton has scheduled Mrs. Doucette's examination for 8:30 a.m. on Tuesday, May 24, 2005, at his office located at 463 Worcester Road in Framingham, Massachusetts.

If you have any questions regarding this letter, please feel free to contact me at the number above.

Very truly yours,

Joseph A. Merlino

/JAM
cc: Joseph G. D'Alton, MD

# Davis, White & Sullivan, LLC

Attorneys at Law
One Longfellow Place, Suite 3609
Boston, MA 02114
Telephone: (617) 720-4060
Telecopier: (617) 720-4055

Exhibit B

Phillip M. Davis††
David A. White*
Suzanne Davis White
Christopher J. Sullivan

Eric M. Collins
Kevin J. Fleming
Marc J. Tassone'
Jay A. Potter
Joseph A. Merlino‡

June 28, 2005

Margaret G. Barmack, Esq.
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902

Re:   Taramattie Doucette, Robert Doucette, Individually and as next friend of Christopher Doucette,
      Sean Doucette and Patrick Doucette v. Panera, Inc.
      Civil Action No. 04-10960-PBS

Dear Attorney Barmack:

   I have spoken with Judge Collings' Clerk and have been informed we have been given the date of Monday, October 3, 2005 for the start of trial in this matter.

   Judge Collings will be sending out a Pre-Trial Order for us to respond to.

   If you have any questions concerning this matter, please do not hesitate to contact me.

Very truly yours,

Christopher J. Sullivan

CJS/jp

# BARMACK & BOGGS

*Attorneys at Law*

41 Ocean Street
Lynn, Massachusetts 01902

Margaret G. Barmack
Deborah A. Boggs

Area Co    '81
Tel. 59    ;40
Fax: 59    ,34

Exhibit

June 30, 2005

Atty. Christopher Sullivan
Davis, White & Sullivan, LLC
One Longfellow Place, Suite 3609
Boston, MA 02114

Re: Doucette v. Panera

Dear Atty. Sullivan:

Enclosed please find the Plaintiffs' Request for Admissions.

Sincerely,

*(signature)*

Margaret G. Barmack
MGB/hs

Enc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE, ET AL.,
    Plaintiffs

VS.                                              CIVIL ACTION NO. 04-10960-PBS

PANERA, INC.,
    Defendant

## PLAINTIFFS' REQUEST FOR ADMISSIONS

The plaintiffs request, pursuant to Fed.R.Civ.P. 36, that the defendant admit or deny the following statements, within 30 days of service of this request:

1. Panera, Inc., or Panera, LLC, is the correct name of the entity that was responsible for the operation of the Panera Bread Restaurant in Swampscott, MA (hereinafter, "the Panera restaurant") on November 10, 2001.

2. On November 10, 2001, at approximately 11 a.m., the defendant's employee, Brandon Sakurai, then age 16, was carrying a canister containing 1.75 gallons of hot coffee, from the brewing station to the coffee service station at the Panera restaurant.

3. It is a distance of at least thirty feet from the brewing station to the coffee service station.

4. In order to bring the coffee canister to the coffee station, Brandon Sakurai had to carry the canister past the Panera restaurant customers who were gathered near the bakery counter, waiting for their orders to be processed.

5. This was the normal and routine manner for Panera restaurant employees to deliver hot coffee to the coffee station.

6. The coffee in the canister that Brandon Sakurai was carrying was at a temperature of 197 degrees, plus or minus 3 degrees, Fahrenheit.

7. This was the normal and routine temperature for coffee that had just been brewed and was being carried to the coffee station.

8. On November 10, 2001, at approximately 11 a.m., Brandon Sakurai dropped the canister on the floor at the Panera restaurant, the top came off the canister, and the hot coffee splashed out of the canister onto the right ankle and foot of Taramattie Doucette.

9. The hot coffee that splashed from the canister that Brandon Sakurai dropped caused second degree burns on the right ankle and foot of Taramattie Doucette.

10. The defendant was negligent in employing a method of coffee service that required its employee to carry a canister containing 1.75 gallons of freshly brewed coffee, at a temperature between 194 and 200 degrees Fahrenheit, past a crowd of customers who were near the bakery counter at the Panera restaurant.

11. The defendant is liable for all the plaintiffs' damages and losses proximately caused by the defendant's negligence.

For the plaintiffs

*/s/ Margaret J. Barmack*

Margaret G. Barmack
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902
Tel. 781-596-2540

2

## Certificate of Service

I, Margaret G. Barmack, hereby certify that the within Plaintiffs' Request for Admissions was served on the defendant by mailing postpaid on even date to Atty. Christopher Sullivan, at Davis, White and Sullivan, LLC, One Longfellow Place, Suite 3609, Boston, MA 02114.

Date: 6/30/05

*Margaret A. Barmack*
Margaret G. Barmack

3

# Davis, White & Sullivan, LLC

Attorneys at Law
One Longfellow Place, Suite 3609
Boston, MA 02114
Telephone: (617) 720-4060
Telecopier: (617) 720-4055

Exhibit 2

Phillip M. Davis††
David A. White*
Christopher J. Sullivan
Suzanne Davis White

Eric M.     llins
Kevin J. F   ning
Marc J. T:   ne*
Jay A       otter
Joseph A. M    no‡

July 1, 2005

Margaret G. Barmack, Esq.
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902

Re:   Taramattie Doucette, Robert Doucette, Individually and as next friend of Christopher Do    ette,
      Sean Doucette and Patrick Doucette v. Panera, Inc.
      Civil Action No. 04-10960-PBS

Dear Attorney Barmack:

   Enclosed please find the Defendant's Supplemental Response to the Plaintiff's Second R    1est for Production of Documents; more specifically Request No. 2.

   Would you please sign and return the Stipulation relating to negligence our office forwa    l to you on June 15, 2005? Since liability is not contested in this action our office will not respond t    ny further discovery requests relating to liability or Panera, Inc.'s negligence.

   Thank you.

Very truly yours,

Joseph A. Merlino
Christopher J. Sullivan

Enclosure