UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                PLAINTIFFS

VS.                                CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
                DEFENDANT

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE**
**EXPERT TESTIMONY OF JOHN T. SCHULZ III, M.D., Ph.D.**

      Now comes the Defendant, Panera, Inc., and moves this Honorable Court to exclude or limit certain evidence and argument, *in limine,* which is believed to be offered by the plaintiff at trial through John T. Schulz, III, M.D., Ph.D. For the basis of its motion, the defendant states the plaintiff's so-called expert testimony must be for the purpose of assisting the trier-of-fact with understanding the evidence present by the plaintiff. The witness should not be permitted to speculate as to the type of pain or level of intensity the plaintiff experienced.

      During discovery, the plaintiff served upon defense counsel a letter from Dr. John T. Schulz, III, M.D., Ph.D. whom plaintiff's counsel indicated was their medical expert. See Exhibit "A", a copy of the letter which is attached to the hard copy of this Motion and forwarded under a separate cover. The defense expects Dr. Schulz will testify according to the letter. The four-page letter summarizes the plaintiff's medical treatment for her injured foot and provides, at great length, an overview of burns and the complexities surrounding their numerous manifestations. The letter, in large part, appears to be a dissertation on skin burns and neuropathic pain which has been pasted

into the body of the letter. Any testimony relating to levels of burns outside the scope of the plaintiff's injuries will only confuse the jury thereby prejudicing the defendant.

Furthermore, Dr. Schulz should be precluded from offering opinions on how the plaintiff could have felt in various instances such as during dressing changes or taking various medication. This commentary is outside of his role as an expert and should be excluded from his testimony.

The expert should also be precluded from offering any testimony relating to neuropathic pain and the conflicting theories and debate on the subject matter. According to his letter, Dr. Schulz states neuropathic pain "remains a poorly understood clinical reality under active investigation." Dr. Schulz should be precluded from raising any issues that do not have direct bearing on the damages at issue in this matter and those injuries alleged by the plaintiff. This type of commentary is irrelevant and may only confuse the jury.

WHEREFORE, Defendant Panera, Inc. respectfully requests this Court to preclude Dr. John T. Schulz from testifying or, in the alternative, issue limiting instructions prior to his testifying so that the testimony will not confuse or inflame the jury thereby prejudicing the defense.

                                                Respectfully Submitted,

                                                DAVIS, WHITE & SULLIVAN, LLC
                                                Counsel for Defendant, Panera, Inc.

                                                /s/ Christopher J. Sullivan
                                                Christopher J. Sullivan, BBO# 545137
                                                Joseph A. Merlino, BBO# 648647
                                                DAVIS, WHITE & SULLIVAN, LLC
                                                One Longfellow Place, Suite 3609
                                                Boston, Massachusetts 02114
DATED: September 21, 2005                 (617) 720-4060