UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                PLAINTIFFS

VS.                                        CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
                DEFENDANT

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO LIABILITY

Now comes the Defendant, Panera, Inc., and moves this Honorable Court to exclude or limit certain evidence and argument, *in limine,* which the defendant believes will be offered by the plaintiff in order to establish negligence on behalf of the defendant. The defendant concedes it was negligent and said negligence was the cause of the burns sustained by the plaintiff. The defendant contests the plaintiff's claim of "phantom pain syndrome" and her other damages. In the interests of judicial economy, the defendant has stipulated to liability. It is the defendant's position the only remaining issues before the Court are the plaintiff's damages and the extent of her injuries.

During discovery and several pre-trial conferences, counsel for plaintiff stated she would stipulate to the defendant's negligence, but insisted on presenting evidence of the employer Panera, Inc.'s alleged "independent negligence." Even though the employee's negligent acts are impugned to Defendant Panera, Inc. thereby making them negligent and sustaining the plaintiff's burden of proving negligence, the plaintiff still intends to

present evidence relating to liability and Defendant Panera, Inc.'s failure to create a safe area for its patrons.

Judge Saris at a prior Pre-Trial Conference addressed the issue of the plaintiff's attempt to call liability witnesses including the employee, Brandon Sakurai and the manager of the restaurant Dennis Tarr and was precluded by Judge Saris from the bench.

The evidence, exhibits and testimony pertaining to liability is irrelevant as to the plaintiff's damages. As stated above, the defendant has stipulated to liability. The only purpose of offering said evidence is to inflame the jury and cast the corporate defendant in an unfavorable light.

The defendant requests this Honorable Court to preclude the plaintiff from offering the following evidence:

(1) The configuration or design of the restaurant including the location of the 'coffee station' for the purpose of establishing liability on behalf of the Defendant Panera, Inc. This includes any drawings, distances or photographs of the store.

(2) Any testimony relating to a witnesses' opinion of the overall safety of the design of the store, use of the coffee canisters and/or method in which the coffee was served on the premises. This includes any opinion that may be offered by witnesses Susan Burke or Yakov Klyachman that relate in any way to Defendant Panera, Inc.'s negligence.

(3) Any testimony relating to ameliorative measures the defendant took or has failed to take since the accident of November 10, 2001. This includes any

reference to the brief, subsequent use of a cart to transport coffee or the continued use of a 'coffee station' as it was on the day of the accident.

(4)     Any evidence or testimony that relates to industry standards of brewing coffee or the particularities behind Defendant Panera, Inc.'s method or practice of brewing coffee including but not limited to the method of brewing coffee, the transportation of coffee to the 'coffee station' and the devices used to prepare and distribute said coffee.

(5)     Any photographs, documentation or replicas of any coffee canister the plaintiff intends to offer.

(6)     Any testimony regarding the defendant's employees' actions that led to the plaintiff's injuries.

WHEREFORE, Defendant Panera, Inc. respectfully requests this Court to preclude the plaintiff from offering the aforementioned testimony and evidence as it is irrelevant and outside the scope of damages. The information will also inflame the jury which will unfairly prejudice the defendant.

Respectfully Submitted,

DAVIS, WHITE & SULLIVAN, LLC
Counsel for Defendant, Panera, Inc.

 /s/ Christopher J. Sullivan
Christopher J. Sullivan, BBO# 545137
Joseph A. Merlino, BBO# 648647
DAVIS, WHITE & SULLIVAN, LLC
One Longfellow Place, Suite 3609
Boston, Massachusetts 02114
DATED: September 21, 2005          (617) 720-4060