UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCDETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF CHRISTOPHER
DOUCETTE, SEAN DOUCETTE, AND
PATRICK DOUCETTE,
      PLAINTIFFS

VS.                                    CIVIL ACTION NO. 04-10960-RBC

PANERA, INC.,
      DEFENDANT

### PLAINTIFFS' MOTION IN LIMINE REGARDING DEFENDANT'S MEDICAL EXPERT

Now come the plaintiffs and move this Honorable Court in limine to make the following orders regarding the testimony of the defendant's designated medical expert, Dr. Joseph Gerard D'Alton, Jr.:

1. That the defendant shall not refer to Dr. D'Alton as an "independent medical examiner" or to his examination of the plaintiff as an "independent medical examination;" as grounds, the plaintiffs state that Dr. D'Alton is the defendant's retained medical expert, and is in no way "independent" in this matter; and further, that it is prejudicial to the plaintiffs to allow the defendant to refer to its expert as "independent."

2. That Dr. D'Alton's testimony shall be limited to the contents of the defendant's "Disclosure of Expert Witness Pursuant to F.R.C.P. 26(a)(2)," which was served on the plaintiffs on or about May 24, 2005, containing as Exhibit B of said Disclosure, Dr.D'Alton's Report dated May 10, 2005, except that Dr. D'Alton may testify as to his examination of plaintiff Taramattie Doucette on May 24,

2005. As grounds, plaintiffs state that said Rule 26(a)(2) requires each party to provide a report from its expert, which report "shall contain a complete statement of all opinions to be expressed [at trial] and the basis and reasons therefor...." The purpose of this disclosure is to inform the other party as to the contents of the expert's trial testimony. "A party that without substantial justification fails to disclose information required by Rule 26(a)...is not, unless such failure is harmless, permitted to use as evidence at a trail...any ...information not so disclosed." Fed.R.Civ.P. 37(c)(1).

Following its having served its Disclosure of Dr. D'Alton's report of May 10th, the defendant on June 13, 2005, sent the plaintiffs what the defendant described as "Dr. D'Alton's Independent Medical Examination Report" regarding plaintiff Taramattie Doucette. (Exhibit B, attached hereto). This second report, dated May 24, 2005, stated that Dr. D'Alton had reviewed two additional medical reports, which he had not listed in his May 10, 2005 report, although these reports, from two treating neurologists, Drs. Gorson and Crowley, had been provided to the defendant on or before November 19, 2004.  In this second report, Dr. D'Alton discusses Dr. Gorson's report at length. This second report also contained Dr. D'Alton's observations from examination of plaintiff Taramattie Doucette on May 24, 2005.

The plaintiffs had agreed that Dr. D'Alton could examine TaramattieDoucette on May 24, 2005, and are willing to accept Dr. D'Alton's examination notes and opinions based on his examination, as a supplement pursuant to Rule 26(e) to the defendant's Disclosure of expert testimony, but move the Court to limit Dr.

2

D'Alton's testimony in all other respects to the contents of his May 10, 2005 report.

Respectfully submitted,

For the plaintiffs

*/s/ Margaret G. Barmack*

Margaret G. Barmack
BBO No. 029660
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902
Tel. 781-596-2540

### Certificate of Service

I, Margaret G. Barmack, hereby certify that the within motion in limine was served on the defendant by facsimile, email and mailing postage paid on even date to Atty. Christopher Sullivan, at Davis, White & Sullivan, One Longfellow Place, Suite 3609, Boston, MA 02114.

Date: 9/21/05

*/s/ Margaret G. Barmack*
Margaret G. Barmack