UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCDETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF CHRISTOPHER
DOUCETTE, SEAN DOUCETTE, AND
PATRICK DOUCETTE,
           PLAINTIFFS

VS.                                    CIVIL ACTION NO. 04-10960-RBC

PANERA, INC.,
           DEFENDANT

### PLAINTIFFS' MOTION IN LIMINE REGARDING
### TESTIMONY OF PAULA HOVEY, R.N. – PART II

Now come the plaintiffs and move this Honorable Court in limine to order the

defendant not to make any reference, by way of argument or testimony, to the opinion of

Paula Hovey, R.N., that on the first day of Ms. Hovey's treatment of Mrs. Doucette as a

visiting nurse, Mrs. Doucette was telling her that she had slightly more pain than she

actually was experiencing, and states as grounds that Ms. Hovey has no valid basis for

this opinion, this opinion is not admissible under either Fed.R.Evid.701 or 702, and this

unfounded opinion is highly prejudicial to the plaintiff.

The following testimony occurred during Ms. Hovey's deposition on April 11,

2005:

p.65-

Q. "You previously testified that in your experience, patients have different

individualized responses to wounds in terms of how much pain they

experience?

A. "Yes.

Q. "So it's kind of a subjective matter how a person tolerates pain?

A. "Yes.

A. "Okay. Did you have any reason to believe that Mrs. Doucette was exaggerating in any way the pain that she was feeling...when she was describing to you how she felt?

B. "Slightly. A little.

Q. "What do you mean by that?

A. "I thought she was saying she had a little bit more pain than she, for the injury she had.[sic]

Q. "Okay. Despite the fact that each person's response to pain is an individualized response?

A. "I just, I just thought that she – from the very beginning, I thought the very first day, I thought she was just saying she had a little bit more pain from day 1. It's just my opinion.

..............

p.67 –

Q. "The thought that the patient was slightly exaggerating her pain from your initial visit, do you believe that she was slightly exaggerating her pain throughout the treatment while you were helping her?

A. "No.

Q. "Just that initial visit?

A. "Yes.

2

Q. "Then perhaps was her slight exaggerating of the pain during the initial visit, did that have anything to do with the discharge discrepancy in which her worst pain was 8 or 9 plus, and all the other pain during all that other activity was described as a 4 to a 2?

A. "I don't know.

Q. "So it's your testimony today that your evaluation upon discharge, you don't believe that she was exaggerating her worst pain to be 8 or 9 plus?

A. "I think she was in a lot of pain. She had a bad burn. It was very severe. I think she had a bad pain – I mean, a bad burn. She was in a lot of pain. I think she seemed like maybe she had a little bit more pain than someone that I've treated in the past. But it was a bad burn, and she's entitled to have pain.

p.68 -

Q. "Well, you've been a nurse for –

A. "18 years.

Q. "18 years. So you've worked with a lot of people who've been experiencing different levels of pain, is that right?

A. "Yes.

Q. "And as a matter of fact, earlier, you testified that you've worked with numerous or multiple people with second degree burns before, right?

A. "Yes.

Q. "And based on all that experience, there was something about your treatment of her and things about, either things that she said or did that made you think that she was slightly exaggerating; is that right?

3

Ms. Barmack – Object to the form.

Mr. Abrams [witness' counsel] – You can still answer.

A. "Yes."

Ms Hovey's opinion that Mrs. Doucette was slightly exaggerating her pain level on the first day that Ms. Hovey saw her as a visiting nurse is inadmissible, since it does not pass muster for admissibility under Fed.R.Evid. 701. Opinion Testimony by Lay Witnesses, or under Rule 702, Testimony by Experts.

Under Rule 701, if Ms. Hovey's opinion is offered by the defendant as that of a lay witness, it cannot be based on "specialized knowledge within the scope of Rule 702." It must be "rationally based on the perception of the witness." Ms. Hovey's opinion, when explained in her own words, is based on her comparison of the subjective pain experienced by one patient, Mrs. Doucette, with the subjective pain experienced by some other patient: "I think she seemed like maybe she had a little bit more pain than someone that I've treated in the past." It is clear that Ms. Hovey cannot "perceive" the subjective pain experienced by Mrs. Doucette or any other nursing patient, much less rationally compare the extent or intensity of his or her pain.

Under Rule 702, if Ms. Hovey's opinion is offered by the defendant as that of an expert witness, not only must Ms. Hovey be qualified as an expert, but her testimony must be "based upon sufficient facts or data," it must be "the product of reliable principles and methods," and the expert must have "applied the principles and methods reliably to the facts of the case." Ms. Hovey' opinion that Mrs. Doucette was slightly exaggerating the pain she felt cannot possibly meet these criteria for an admissible expert opinion.

4

Wherefore, the plaintiffs request an order that the defendant may not refer in any

way or elicit any testimony relating to Ms. Hovey's opinion in this regard.

Respectfully submitted,

For the plaintiffs

Margaret G. Barmack
BBO No. 029660
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902
Tel. 781-596-2540

Certificate of Service

I, Margaret G. Barmack, hereby certify that the within motion in limine was
served on the defendant by facsimile, email and mailing postage paid on even date to
Atty. Christopher Sullivan, at Davis, White & Sullivan, One Longfellow Place, Suite
3609, Boston, MA 02114.

Date:   9/21/05

Margaret G. Barmack