UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
           PLAINTIFFS

VS.                            CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
           DEFENDANT

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE**
**TESTIMONY OF YAKOV KLYACHMAN REGARDING PRACTICES AND**
**PROCEDURES AT PANERA BREAD**

      Defendant Panera, Inc. moves this Honorable Court to exclude all testimony of Yakov Klyachman concerning the management and procedures in place at the Panera Bread restaurant in Swampscott.  At his deposition Mr. Yakov testified that there is a "systemic problem" at the Panera Bread restaurant in Swampscott concerning the method by which it replaced the coffee contained in large thermoses.   This testimony should be excluded on two grounds: (1) it's not relevant and (2) its prejudice to the Defendant substantially outweighs its probative value.

      This evidence is not relevant because it only goes to the liability of Defendant Panera, Inc, and the parties have stipulated regarding liability.  Accordingly, this evidence should be barred pursuant to Rule 402 of the Federal Rules of Evidence, which provides as follows:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence

which is not relevant is not admissible.

Even if this evidence is deemed relevant, its probative value is substantially outweighed by the danger of unfair prejudice to Defendant Panera, Inc. Letting the jury hear testimony criticizing the procedures in place at the Panera Bread restaurant in Swampscott could unfairly prejudice the jury against Defendant Panera, Inc. Accordingly, this evidence should be barred pursuant to Rule 403 of the Federal Rules of Evidence, which provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

WHEREFORE, Defendant Panera, Inc. respectfully requests this Court to preclude Yakov Klyachman from testifying regarding the methods and procedures used to replace the coffee at the Panera Bread restaurant in Swampscott.

Respectfully Submitted,

DAVIS, WHITE & SULLIVAN, LLC
Counsel for Defendant, Panera, Inc.

 /s/ Christopher J. Sullivan
Christopher J. Sullivan, BBO# 545137
Joseph A. Merlino, BBO# 648647
DAVIS, WHITE & SULLIVAN, LLC
One Longfellow Place, Suite 3609
Boston, Massachusetts 02114
DATED: September 28, 2005            (617) 720-4060