UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                PLAINTIFFS

VS.                                    CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
                DEFENDANT

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF SUSAN BURKE REGARDING THE SAFETY OF THE LOCATION AND THE SIZE OF THE COFFEE THERMOSES AT PANERA BREAD AND ANY EXPERT MEDICAL OPINIONS

Defendant Panera, Inc. moves this Honorable Court to exclude all testimony of Susan Burke concerning safety issues regarding the location of the coffee thermoses and the size of the coffee thermoses at the Panera Bread restaurant in Swampscott. Defendant Panera, Inc. also moves this Honorable Court to exclude all testimony of Susan Burke, which constitute expert medical opinions.

At her deposition Ms. Burke testified that she had concerns regarding the safety of the coffee thermoses due to their placement in the store and their large size. This testimony should be excluded on two grounds: (1) it's not relevant and (2) its prejudice to the Defendant substantially outweighs its probative value. This evidence is not relevant because it only goes to the liability of Defendant Panera, Inc, and the parties have stipulated regarding liability. Accordingly, this evidence should be barred pursuant to Rule 402 of the Federal Rules of Evidence, which provides as follows:

> All relevant evidence is admissible, except as otherwise
> provided by the Constitution of the United States, by Act of

> Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Even if this evidence is deemed relevant, its probative value is substantially outweighed by the danger of unfair prejudice to Defendant Panera, Inc.  Letting the jury hear testimony criticizing the placement and size of the coffee thermoses at the Panera Bread restaurant in Swampscott could unfairly prejudice the jury against Defendant Panera, Inc. Accordingly, this evidence should be barred pursuant to Rule 403 of the Federal Rules of Evidence, which provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Ms. Burke works at a nurse at the Shriners Hospital in Boston.  Although she has knowledge and experience regarding burns and their treatment, Ms. Burke has never examined or treated Plaintiff Taramattie Doucette and has never reviewed her medical records.  Additionally, Ms. Burke has not been identified as an expert witness by any of the parties in this action.  Accordingly, Ms. Burke should be precluded from offering any expert medical opinions in her testimony.

WHEREFORE, Defendant Panera, Inc. respectfully requests this Court to preclude Susan Burke from testifying regarding her opinion of the safety of both the placement and the size of the coffee thermoses at the Panera Bread restaurant in Swampscott.  Furthermore, Defendant Panera, Inc. respectfully requests this Court to preclude Susan Burke from offering any expert medical opinions in her testimony.

                                                                     Respectfully Submitted,

                                                                     DAVIS, WHITE & SULLIVAN, LLC
                                                                     Counsel for Defendant, Panera, Inc.

                                                                     /s/ Christopher J. Sullivan
                                                                     Christopher J. Sullivan, BBO# 545137
                                                                     Joseph A. Merlino, BBO# 648647
                                                                     DAVIS, WHITE & SULLIVAN, LLC
                                                                     One Longfellow Place, Suite 3609
                                                                     Boston, Massachusetts 02114
DATED: September 28, 2005                (617) 720-4060