UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
               PLAINTIFFS

VS.                                                    CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
               DEFENDANT

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING REFERENCE TO SPECIAL DAMAGES

Defendant Panera, Inc. herby opposes the Plaintiffs' Motion in Limine Regarding Reference to Special Damages ("the Motion in Limine"). The Plaintiffs seek to exclude all evidence concerning the medical bills incurred by Plaintiff Taramattie Doucette. The Motion in Limine cites no authority for this exclusion, but only states that the since Plaintiff Taramattie Doucette only seeks compensation for pain and suffering and "diminished enjoyment of life" the medical bills are not relevant.

Defendant Panera, Inc. maintains that Plaintiff Taramattie Doucette's medical bills are relevant to gauge the extent of Plaintiff Taramattie Doucette's pain and suffering and diminished enjoyment of life and to calculate an appropriate damage figure. The United States Court of Appeals for the First Circuit has also looked toward the monetary total incurred in medical bills when fashioning a proper remedy for pain and suffering. In Anthony v. G.M.D. Airline Servs., 17 F.3d 490 (1st Cir. 1994), the First Circuit set aside a jury verdict of $571,100 as excessive for a minor soft tissue injury to the plaintiff's leg.

In determining that the verdict was excessive, the First Circuit compared the amount awarded to the plaintiff for pain and suffering with the medical expenses incurred by the plaintiff and noted as follows:

> Out of the $ 571,100 verdict, Anthony only established, according to the most generous interpretation of the evidence, $ 1,335 in medical expenses and $ 3,000 for one lost week of work. That leaves Anthony with a whopping $ 566,765 in damages for pain and suffering. Although it is admittedly difficult to place a value on the pain and suffering of another individual such amounts are not immune from appellate review. [citations omitted]  In this case, an award of $ 566,765 for Anthony's pain and suffering is "so grossly disproportionate" to his injury "as to be unconscionable." Marchant v. Dayton Tire & Rubber Co., 836 F.2d 695, 704 (1st Cir. 1988); see also Laaperi, 787 F.2d at 735-36; Bonn v. Puerto Rico Int'l Airlines, Inc., 518 F.2d 89, 94 (1st Cir. 1975).

Id. at 494 .  Following the lead of the First Circuit, as this Court is legally bound to do, the jury should be allowed to review Plaintiff Taramattie Doucette's medical bills to determine what is an appropriate award for pain and suffering and diminished enjoyment of life.

Although the First Circuit in Anthony v. G.M.D, was decided under Puerto Rican law, numerous decision of the First Circuit decided under Massachusetts law have cited the decision.  See, e.g., M & I Heat Transfer Prods. v. Gorchev, 141 F.3d 21, 23 (1st Cir. 1998); Air Safety v. Roman Catholic Archbishop, 94 F.3d 1, 5 (1st Cir. 1996); Cambridge Plating Co. v. Napco, Inc., 85 F.3d 752, 773 (1st Cir. 1996).

WHERFORE, the Plaintiffs' Motion in Limine Regarding Reference to Special Damages should be DENIED.

        Respectfully submitted,
        PANERA, INC.
        By its Attorney.

        _____
        Christopher J. Sullivan, BBO# 545137
        DAVIS, WHITE & SULLIVAN, LLC
        One Longfellow Place, Suite 3609
        Boston, MA  02114
Dated: September 28, 2005    (617) 720-4060