UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                    PLAINTIFFS

VS.                                         CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
                    DEFENDANT

### OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING TESTIMONY OF PAULA HOVEY, R.N. AND MOTION TO EXCLUDE MEDICAL RECORD

Now comes the Defendant, Panera, Inc., and moves this Honorable Court to deny the plaintiff's request to exclude Paula Hovey's testimony and a medical record.  On April 11, 2005, Ms. Hovey testified to the medical treatment she administered between November 13, 2001 through November 19, 2001 for injuries the plaintiff sustained. During the testimony, Ms. Hovey stated she believed the plaintiff was "slightly exaggerating" her pain on the initial visit.  See Plaintiff's Motion in Limine – Part II.

The plaintiff's has submitted three (3) different Motions in Limine regarding Ms. Hovey's testimony including the discharge records merely because it supports her belief that the plaintiff's injuries are exaggerated.  The arguments supporting her motions are tenuous, at best, and should be denied.

### A.  PLAINTIFF'S MOTION TO PRECLUDE PAULA HOVEY, R.N. FROM TESTIFYING TO PLAINTIFF'S "PAIN ASSESSMENT UPON DISCHARGE."

The plaintiff argues Ms. Hovey's testimony regarding her assessment of the plaintiff's pain upon discharge should be excluded because the "circumstances under

which the 'pain assessment upon discharge' was written or filled out by Ms. Hovey are extremely ambiguous." <u>See</u> Plaintiff's Motion in Limine – Part I. Ms. Hovey should not be precluded from testifying to the report merely because the "circumstances . . . are extremely ambiguous."

Ms. Hovey treated the plaintiff on November 13th through November 16th which entailed providing medicine, changing the dressings and educating the plaintiff regarding pain management and wound care. Ms. Hovey prepared a "pain assessment" report upon her initial visit. It is no surprise the plaintiff does not object to this report as it shows pain levels at or about eight out of ten. <u>See</u> Pain Assessment Reports attached hereto as Exhibit A. The plaintiff is moving to exclude testimony regarding the final pain assessment report because it shows the plaintiff's pain level dramatically improved. In some cases, the pain had diminished by approximately 50%. The plaintiff in her deposition was asked extensively about this record and admitted to discussing her pain levels, ability to carry out daily chores as well as how often she felt discomfort in her foot with Nurse Hovey.

Ms. Hovey testified she talked to the plaintiff upon discharge when she prepared the final report. <u>See</u> Plaintiff's Motion in Limine – Part I, Page 5 citing to deposition of Paula Hovey. When asked about the pain assessment report, Ms. Hovey testified, "I had talked to her about discharging her and everything. I remember because she thought she was going to stay on a little bit longer, and I talked to her. I said if the doctor signed the discharge order, I wouldn't be coming back. So we planned on that I probably would discharge her, and we talked about it." <u>Id</u>.

Even if Ms. Hovey does not recall preparing the report, this is a question that may be raised during cross-examination. Ms. Hovey testified she prepared the report and spoke to the plaintiff prior to completing it. It would be unfair and overly prejudicial to preclude Nurse Hovey from testifying because she may not have present memory of preparing a report from three (3) years ago. Nurse Hovey identified the records as written in her handwriting, identified her signature at the bottom of the document and authenticated the document as a business record the VNA of Greater Salem regularly uses in providing medical care. The reason the plaintiff is seeking to exclude Ms. Hovey's testimony regarding the plaintiff's discharge and pain assessment record has nothing to do with the witness' memory of preparing it, but instead, it is an attempt to prevent the defense from offering evidence that the plaintiff's condition and pain levels dramatically improved over a period of nine (9) days.

### B.  PLAINTIFF'S MOTION TO PRECLUDE PAULA HOVEY, R.N. FROM TESTIFYING THAT THE PLAINTIFF WAS EXAGGERATING HER PAIN.

Ms. Hovey received her nursing degree in 1987 from North Shore Community College. She began working for Beverly Hospital and has since remained employed in field of nursing. In 1991, Ms. Hovey obtained bachelor's degree in nursing from Salem State University. In 1994, Ms. Hovey began working at Partner Home Care as a visiting nurse. Ms. Hovey has a combined eighteen (18) years of experience as a nurse. See Deposition Transcript of Paula Hovey attached hereto as Exhibit B.

Ms. Hovey was assigned to the plaintiff's home in order to provide pain management, to educate the plaintiff regarding dressing change, to educate her for signs

of infection and symptoms of infection.  Id. at page 16.  Ms. Hovey saw the plaintiff every day for four (4) days at which time she was able to make observations of the wound and the plaintiff's overall condition.  Ms. Hovey also testified she has assisted patients with second degree burns "numerous times" prior to caring for the plaintiff.  Id. at page 40.

Based on Ms. Hovey's extensive experience and intimate knowledge of the plaintiff's recovery, she should be permitted to offer an opinion to the plaintiff's pain and the physical manifestations, if any, exhibited by the plaintiff.  If Ms. Hovey, based on her eighteen (18) years of experience, believes the plaintiff was exaggerating her injuries, she should be permitted to state it.  The plaintiff may cross-examine Ms. Hovey on her opinion and argue to the jury why it is not reliable.

### C.  PLAINTIFF'S MOTION TO EXCLUDE PAIN ASSESSMENT REPORT UPON PLAINTIFF'S DISCHARGE

The plaintiff is seeking to exclude the pain assessment medical record because it is "totally unreliable."  The plaintiff has failed to articulate a worthy basis for excluding the document.  The defendant intends to offer the record into evidence as a document that is kept in the normal course of business at the North Shore Medical Center.  Furthermore, Ms. Hovey will testify she prepared the document while she was caring for the plaintiff. There is no evidence suggesting the record was not prepared in the course of the plaintiff's treatment or that it has been doctored in any way.

It is obvious the plaintiff is moving to exclude the medical record because it shows the plaintiff's pain level dramatically improved while under Ms. Hovey's care.  In

a trial on damages in which the jury will be instructed to award damages for the plaintiff's "pain and suffering", these medical records could not be more relevant, material and aid the jury in determining what was the plaintiff's past pain and suffering. The plaintiff's assertions that the record is "totally unreliable" and that the "circumstances" surrounding the document's origin are "ambiguous" are unfounded and, at the same time, irrelevant. Finally, the plaintiff should not be allowed to "cherry pick" what records she wishes to introduce in evidence from the same medical provider and author and turn around and exclude other records from the same provider and author which do not help her case.

WHEREFORE, Defendant Panera, Inc. respectfully requests this Court to deny the plaintiff's Motions in Limine regarding the Paula Hovey's testimony and the medical record relating to the plaintiff's discharge.

Respectfully Submitted,

DAVIS, WHITE & SULLIVAN, LLC
Counsel for Defendant, Panera, Inc.

/s/ Christopher J. Sullivan
Christopher J. Sullivan, BBO# 545137
Joseph A. Merlino, BBO# 648647
DAVIS, WHITE & SULLIVAN, LLC
One Longfellow Place, Suite 3609
Boston, Massachusetts 02114
DATED: September 28, 2005          (617) 720-4060