UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                PLAINTIFFS

VS.                                            CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
                DEFENDANT

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING DEFENDANT'S MEDICAL EXPERT, DR. JOSEPH GERARD D'ALTON, JR.**

Now comes the Defendant, Panera, Inc., and opposes the Plaintiff's Motion in Limine Regarding the Defendant's Medical Expert on the grounds the defendant has satisfied the requirements of a fair and full disclosure of Dr. D'Alton's opinion with no prejudice to the plaintiffs.

The plaintiff is seeking to preclude the defendant from referring to Dr. Joseph Gerard D'Alton, Jr. as an "independent medical examiner". The defendant has disclosed Dr. D'Alton as its expert witness pursuant to F.R.C.P. 26(a) (2) and has no intention of using the term in reference to Dr. D'Alton.

The plaintiff is also seeking preclude Dr. D'Alton's expert opinion prepared after he examined the plaintiff. For the basis of this argument, the plaintiff cites to the Defendant's Disclosure of Expert Witness Pursuant to F.R.C.P. 26(a) (2) as required to be produced on May 24, 2005 whereas the defendant produced an initial report of Dr. D'Alton produced on May 10, 2005 and a second report dated May 24, 2005 following the Independent Medical Examination ("IME") was produced on June 13, 2005.

The defendant submitted the Disclosure to the plaintiff on May 24, 2005 pursuant to the discovery deadline agreed to by the parties. The opinion of Dr. D'Alton in the initial report of May 10, 2005 (Exhibit "A") is consistent with the supplemental report of May 24, 2005 (Exhibit "B"). Dr. D'Alton's opinion in both reports is the plaintiff does not suffer from "phantom pain syndrome" and does not suffer from naturopathic pain syndrome". The disclosure requirements of F.R.C.P. 26(a) (2) have been met with the initial report of Dr, D'Alton disclosed on May 24, 2005. The plaintiff was well aware the IME was going forward on May 24, 2005 and to expect a practicing physician to turn around a report on the day of the examination is unreasonable. The additional review by Dr. D'Alton of two medical reports of the plaintiff's medical providers at the time he is conducting the examination is perfectly appropriate and is not grounds to bar an expert from testifying. There is absolutely no evidence or suggestion the plaintiff was in any way prejudiced by receiving the initial report and the supplemental report.

Furthermore, the two (2) reports Dr. D'Alton reviewed after his May 10, 2005 letter were reports of which the plaintiff was already aware and had forwarded to the defendant. The plaintiff is merely trying to preclude Dr. D'Alton from testifying at the time of trial as his opinion hurts the plaintiff's case. The plaintiff's argument is a mere pretext for pursuing this strategy.

WHEREFORE, Defendant Panera, Inc. respectfully requests this Court to deny the plaintiff's Motion in Limine with respect to Dr. D'Alton expert opinion.

                                Respectfully Submitted,

                                DAVIS, WHITE & SULLIVAN, LLC
                                Counsel for Defendant, Panera, Inc.

                                <u>/s/ Christopher J. Sullivan</u>
                                Christopher J. Sullivan, BBO# 545137
                                Joseph A. Merlino, BBO# 648647
                                DAVIS, WHITE & SULLIVAN, LLC
                                One Longfellow Place, Suite 3609
                                Boston, Massachusetts 02114
DATED: September 28, 2005        (617) 720-4060