UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                PLAINTIFFS

VS.                                                      CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
                DEFENDANT

**OPPOSITION TO PLAINTIFF'S DESIGNATION OF PORTIONS OF DEPOSITION OF
BRANDON SAKURAI TO BE READ TO THE JURY**

      Now comes the Defendant, Panera, Inc., and moves this Honorable Court to deny the plaintiff's request to have portions of witness, Brandon Sakurai's testimony read to the jury. The defendant concedes it was negligent and said negligence was the cause of the burns sustained by the plaintiff. Section Two (2) of the Pretrial Conference Memorandum enumerates the facts established by the pleadings. Although the memorandum submitted by the parties lists the facts according to each party's position, the following has been agreed:

      (1)    At all times relevant, including November 10, 2001, defendant was responsible for the operation of the Panera Bread Restaurant in Swampscott, MA (hereinafter, "the Panera restaurant");

      (2)    On November 10, 2001, at approximately 11 a.m., Brandon Sakurai dropped the canister on the floor at the Panera restaurant, the top came off the canister, and the hot coffee splashed out of the canister onto the right ankle and foot of Taramattie Doucette; and

(3) The hot coffee that splashed from the canister caused the burns on Taramattie Doucette's right ankle and foot.

See Joint Pretrial Memorandum attached hereto as Exhibit A. The use of Mr. Sakurai's deposition testimony is duplicative and unnecessary in light of the agreed upon facts and the defendant's stipulation to liability.

The Court heard the plaintiff's request to submit evidence of the defendant's negligence and ruled that the plaintiff may offer evidence regarding the facts leading up to the plaintiff's injuries which include what the witnesses observed. It is defendant's position the following testimony should be stricken with the reasons described below.

Page 7, Line 7-8

Q. What is your date of birth?
A. September 8, 1985.

Page 10, Line 19-24 and Page 11, Line 1

Q. When were you hired by Panera?
A. I believe I was a sophomore, so '01 maybe.

Q. So you were a sophomore in high school?
A. I believe so.

Q. Do you remember at what point of you sophomore year you were hired by Panera?
A. I believe it was the summer before.

Firstly, Mr. Sakurai's age and the year in which he was in high school is irrelevant and outside of the Court's ruling on evidence of negligence. Secondly, the statements are inaccurate and misleading. Mr. Sakurai testified he graduated from Swampscott High School in 2003, a fact and line of testimony the plaintiff's fails to acknowledge. The

witness was in error when he stated he was in his sophomore year because his graduation date clearly suggests it was his junior year.  See Deposition Testimony of Brandon Sakurai, page 7, lines 14-17 attached hereto as Exhibit B.  The fact the plaintiff did not offer this line of testimony (which was just several lines below the witness' date of birth) underscores the plaintiff's intentions to imply the defendant employed workers who were either too young or too inexperienced to work at their restaurant.  The probative value of the testimony is clearly outweighed by the prejudicial effect it will have on the jury.  The use of the deposition testimony is also outside the scope of the Court's order relating to evidence of negligence.

If the Court permits portions of Mr. Sakurai's testimony, the following testimony should be precluded on the grounds that it is irrelevant and lacks any probative value: Page 20, lines 10-12; Page 21, lines 2-6, 16-24; Page 22, lines 15-17; and Page 25, Line 8-13.

Therefore, should the Court allow the plaintiff to offer deposition testimony but allows the defendant's redactions, the following testimony would remain:

Q,   My name is Margaret Barmack and I represent the plaintiffs in this case . . Let me ask you your name first.
A,   Brandon Sakurai.

Q,   Well, do you remember at some point filling up that coffee canister?
A,   Yes, I remember.

Q,   Okay.  And then what happened after you filled up the canister?
A,   When it was finished, I remember bringing it over to the station.  And where you come out of the registers, right next to the registers, that's where it spilled.

Q,   How did it spill?
A,   I'm not sure.  It just dropped to the ground.  And I believe the top just popped off and hit the ground.

Q,   So the entire canister fell out of your hands?
A,   Yes.

Q,   And then what happened to the canister?
A,   It just kind of dropped to the ground and spilled.

WHEREFORE, Defendant Panera, Inc. respectfully requests this Court to preclude the plaintiff from offering deposition testimony of Brandon Sakurai and, instead, offer the agreed to facts as described in the Joint Pretrial Memorandum. In alternative, should the court permit the plaintiff to offer portions of the testimony, the defendant respectfully requests that those portions listed above be submitted as all other portions will unfairly prejudice the defendant and be in violation with the court's ruling on evidence of negligence.

                                        Respectfully Submitted,

                                        DAVIS, WHITE & SULLIVAN, LLC
                                        Counsel for Defendant, Panera, Inc.

                                        /s/ Christopher J. Sullivan
                                        Christopher J. Sullivan, BBO# 545137
                                        Joseph A. Merlino, BBO# 648647
                                        DAVIS, WHITE & SULLIVAN, LLC
                                        One Longfellow Place, Suite 3609
                                        Boston, Massachusetts 02114
DATED: September 28, 2005            (617) 720-4060