UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN DOUCETTE,
CHRISTOPHER DOUCETTE AND
PATRICK DOUCETTE,
          PLAINTIFFS

04-

VS.                                            CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
          DEFENDANT

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EXPERT TESTIMONY OF JOHN T. SCHULZ III, M.D., Ph.D.**

Now come the plaintiffs to oppose the defendant's motion to exclude part or all of the expected testimony of the plaintiffs' medical expert, Dr. John T. Schulz. The defendant's motion has no merit, and should be denied.

    A. Dr. Schulz will not be "speculating" as to the type of pain or intensity of pain that the plaintiff experienced.

Rather than "speculating" as to the pain suffered by Tara Doucette as the result of her burn injury, Dr. Schulz will be giving his expert opinion, as a physician specializing in the treatment of burns cases, regarding the kind of burn that Mrs. Doucette suffered, and the physical reasons why such burns are extremely painful. As stated in his letter of 20 April 2005, provided to the defendant as part of the plaintiffs' expert disclosure, Dr. Schulz states his opinion that Mrs. Doucette "suffered a moderate depth partial thickness burn to her right foot that resulted in the development of a neuropathic pain syndrome." (Exhibit A, attached hereto, second page). Dr. Schulz then states that "[t]here are many nerves in the dermis and partial thickness injury to the dermis injures them. This injury

causes extreme pain and extreme sensitivity to touch and air exposure in these wounds." (Exhibit A, second page). This is competent testimony, offering the expert's opinion "within a reasonable degree of medical certainty." (Exhibit A, first page).

The plaintiffs do not expect to ask Dr. Schulz to testify regarding a type of burn that Tara Doucette did not suffer, such as a first or third degree burn, except insofar as this testimony is needed to clarify his testimony about Tara's second degree burn. Since the jury can be expected to need clarification as to the meaning of "second degree burn," it will be helpful to distinguish this type of burn from a first or third degree burn.

    B. <u>Dr. Schulz will offer competent testimony regarding his medical knowledge of the pain occasioned by dressing changes in second degree burns, and the effects of medications taken by Tara Doucette.</u>

As stated in his letter, Dr. Schulz is expected to testify that "[b]urns such as Mrs. Doucette's are very painful and the pain is worst at the time of dressing changes." This testimony is similar to that noted above, in which Dr. Schulz states his medical opinion that the kind of burn that Tara Doucette suffered is very painful because the burn has destroyed the protective layer over the dermis and has injured the many nerves in the dermis. Changing a dressing involves exposing the wound to touch and air, and this causes great pain. Such testimony is well within Dr. Schulz's area of expertise as a physician specializing in burns treatment.

    C. <u>Dr. Schulz will offer relevant testimony regarding Tara Doucette's neuropathic pain.</u>

As stated in his letter, Dr. Schulz is expected to testify that:

"Mrs. Doucette developed a neuropathic pain syndrome in her right foot following her injury. This is not unusual. Many patients with partial thickness

burns develop neuropathic symptoms in the burned area after the skin has healed. In the majority of patients, these symptoms become prominent between three and six months after injury and then dissipate. In a significant subset of burn patients, the neuropathic symptoms do not disappear, but persist as either pain, intense itching, hyperesthesia, or 'pins and needles' sensations. Such symptoms are exacerbated by swelling, which is normal in burned extremities in the year after the burn …..Mrs. Doucette had such post-burn swelling in her right foot that was treated with a compression stocking.

"Neuropathic pain can follow any traumatic injury and while it is believed that the mechanism involves alteration in connections between nerves in the skin and the spinal cord or brain, this remains a poorly understood <u>clinical reality</u> under active investigation. In one experimental example, it appears that an injury to the skin results in rewiring of sensory nerves so that the nerves that usually register light touch change their connection in the spinal cord so that they stimulate nerves that register as pain in the brain. Such switching of nerve connections in the central nervous system can cause a patient to experience a light touch as an excruciating pain (emphasis added)."

Since Tara Doucette's medical records from her treating physicians carry a diagnosis of neuropathic pain, and since the defendant contests whether the plaintiff has experienced neuropathic pain and the extent and duration of this pain, Dr. Schulz's testimony regarding the prevalence of neuropathic pain in patients with injuries similar to that suffered by Tara Doucette is relevant to the nature and extent of the plaintiff's damages. Dr. Schulz states that neuropthic pain is a "clinical reality." The fact that its causes are not yet fully understood, and are the subject of active medical inquiry and investigation is relevant to the jury's understanding that currently it is not possible to predict when Tara Doucette 's discomfort and hypersensitivity in the burned area of her foot will cease.

Conclusion

For the above reasons, the plaintiffs oppose the defendant's motion in limine regarding Dr. Schulz's testimony, and ask the Court to deny the motion.

Respectfully submitted,

For the plaintiffs

*[signature]*
Margaret G. Barmack
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902
Tel. 781-596-2540

Certificate of Service

I, Margaret G. Barmack, hereby certify that the within Opposition was served on the defendant by facsimile, email and mailing on even date to Atty. Christopher Sullivan, at Davis, White & Sullivan LLC, One Longfellow Place, Suite 3609, Boston, MA 02114.

Date: 9/28/05

*[signature]*
Margaret G. Barmack