UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                PLAINTIFFS

VS.                                      CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
                DEFENDANT

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING REFERENCE TO SPECIAL DAMAGES

      Defendant Panera, Inc. herby opposes the Plaintiffs' Motion in Limine Regarding Reference to Special Damages ("the Motion in Limine").  The Plaintiffs seek to exclude all evidence concerning the medical bills incurred by Plaintiff Taramattie Doucette.  The Motion in Limine cites no authority for this exclusion, but only states that the since Plaintiff Taramattie Doucette only seeks compensation for pain and suffering and "diminished enjoyment of life" the medical bills are not relevant.  This evidence is relevant pursuant to the Federal Rules of Evidence and should not be excluded.  A determination of pain and suffering damages without any reference to or correlation with the medical bills incurred by the Plaintiff Taramattie Doucette would constitute reversible error by this Court.

      Rule 401 of the Federal Rules Evidence defines relevant evidence as follows:

> "Relevant evidence" means evidence having any tendency
> to make the existence of any fact that is of consequence to

> the determination of the action more probable or less
> probable than it would be without the evidence.

The monetary amount Plaintiff Taramattie Doucette incurred in medical bills satisfies Rule 401's tests for relevancy with regard to determining her damages for pain and suffering. High medical bills would be evidence showing that it was "more probable" that Plaintiff Taramattie Doucette endured significant pain and suffering as a result of the accident. Alternatively, low medical bills would be evidence showing that it was "less probable" that Plaintiff Taramattie Doucette endured significant pain and suffering as a result of the accident.

Rule 402 of the Federal Rules of Evidence provides that all relevant evidence is admissible. Rule 402 provides as follows:

> All relevant evidence is admissible, except as otherwise
> provided by the Constitution of the United States, by Act of
> Congress, by these rules, or by other rules prescribed by the
> Supreme Court pursuant to statutory authority. Evidence
> which is not relevant is not admissible.

Rule 403 of the Federal Rules of Evidence provides the general test for excluding relevant evidence. Rule 403 provides as follows:

> Although relevant, evidence may be excluded if its
> probative value is substantially outweighed by the danger
> of unfair prejudice, confusion of the issues, or misleading
> the jury, or by considerations of undue delay, waste of
> time, or needless presentation of cumulative evidence.

The introduction of the medical bills of Plaintiff Taramattie Doucette will not unfairly prejudice the Plaintiffs. The Motion in Limine neither contends that the admission of the medical bills would cause any prejudice nor contends any of the other reasons set forth in Rule 403 to exclude relevant evidence. The Motion in Limine solely rests upon the faulty

assertion that the medical bills are not relevant; a position for which there is no legal support and which is in direct contradiction to the Federal Rules of Evidence.

Defendant Panera, Inc. maintains that Plaintiff Taramattie Doucette's medical bills are relevant to gauge the extent of Plaintiff Taramattie Doucette's pain and suffering and diminished enjoyment of life and to calculate an appropriate damage figure.  The United States Court of Appeals for the First Circuit has also looked toward the monetary total incurred in medical bills when fashioning a proper remedy for pain and suffering.  In Anthony v. G.M.D. Airline Servs., 17 F.3d 490 (1st Cir. 1994), the First Circuit set aside a jury verdict of $571,100 as excessive for a minor soft tissue injury to the plaintiff's leg. In determining that the verdict was excessive, the First Circuit compared the amount awarded to the plaintiff for pain and suffering with the medical expenses incurred by the plaintiff and noted as follows:

> Out of the $ 571,100 verdict, Anthony only established, according to the most generous interpretation of the evidence, $ 1,335 in medical expenses and $ 3,000 for one lost week of work. That leaves Anthony with a whopping $ 566,765 in damages for pain and suffering. Although it is admittedly difficult to place a value on the pain and suffering of another individual such amounts are not immune from appellate review.  [citations omitted]  In this case, an award of $ 566,765 for Anthony's pain and suffering is "so grossly disproportionate" to his injury "as to be unconscionable." Marchant v. Dayton Tire & Rubber Co., 836 F.2d 695, 704 (1st Cir. 1988); see also Laaperi, 787 F.2d at 735-36; Bonn v. Puerto Rico Int'l Airlines, Inc., 518 F.2d 89, 94 (1st Cir. 1975).

Id. at 494.  Following the lead of the First Circuit, as this Court is legally bound to do, the jury should be allowed to review Plaintiff Taramattie Doucette's medical bills to determine what is an appropriate award for pain and suffering and diminished enjoyment of life.

3

Although the First Circuit in <u>Anthony v. G.M.D</u>, was decided under Puerto Rican law, numerous decision of the First Circuit decided under Massachusetts law have cited the decision.[1] <u>See</u>, <u>e.g.</u>, <u>M & I Heat Transfer Prods. v. Gorchev</u>, 141 F.3d 21, 23 (1st Cir. 1998); <u>Air Safety v. Roman Catholic Archbishop</u>, 94 F.3d 1, 5 (1st Cir. 1996); <u>Cambridge Plating Co. v. Napco, Inc.</u>, 85 F.3d 752, 773 (1st Cir. 1996).

WHERFORE, the Plaintiffs' Motion in Limine Regarding Reference to Special Damages should be DENIED.

        Respectfully submitted,
        PANERA, INC.
        By its Attorney.

        <u>/s/ Christopher J. Sullivan</u>
        Christopher J. Sullivan, BBO# 545137
        DAVIS, WHITE & SULLIVAN, LLC
        One Longfellow Place, Suite 3609
        Boston, MA  02114
        (617) 720-4060

Dated: September 30, 2005

---

[1] Needless to say, the Federal Rules of Evidence apply whether the court is ruling under the substantive law of Puerto Rico or Massachusetts.