UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
      PLAINTIFFS

VS.             CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
     DEFENDANT

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION IN LIMINE REGARDING REFERENCE TO SPECIAL DAMAGES

Defendant Panera, Inc. hereby replies to the Plaintiff's Memorandum in Support of Her Motion in Limine Regarding Reference to Special Damages ("the Motion in Limine" and "the Supporting Memorandum").  The Plaintiff seeks to exclude all evidence concerning the medical bills incurred by Plaintiff Taramattie Doucette.  Neither the Motion in Limine nor the Memorandum cites any authority for this exclusion.  The Supporting Memorandum makes the unsupported conclusory statement that the medical bills of Plaintiff Taramattie Doucette are not relevant because "there is no logical connection between the cost of medical care and the pain suffered by the patient."  Although the Defendant disputes the accuracy of this statement, the veracity of this statement is not dispositive to the issue at hand.[1]   The Federal Rules of Evidence do not apply a test of a "logical connection" and neither should this Court.  This evidence is

---

[1] Surely, the Plaintiff would not dispute that someone who has incurred over $100,000 in medical bills has likely undergone more pain and suffering as a result of an injury than someone who has incurred only $200 in medical bills.

relevant pursuant to the Federal Rules of Evidence and should not be excluded. A determination of pain and suffering damages without any reference to the medical bills incurred by the Plaintiff Taramattie Doucette would constitute reversible error by this Court.

Rule 401 of the Federal Rules Evidence defines relevant evidence as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The monetary amount Plaintiff Taramattie Doucette incurred in medical bills satisfies Rule 401's tests for relevancy with regard to determining her damages for pain and suffering. High medical bills would be evidence showing that it was "more probable" that Plaintiff Taramattie Doucette endured significant pain and suffering as a result of the accident. Alternatively, low medical bills would be evidence showing that it was "less probable" that Plaintiff Taramattie Doucette endured significant pain and suffering as a result of the accident. To argue otherwise is nonsensical and frivolous. See footnote 1.

Rule 402 of the Federal Rules of Evidence provides that all relevant evidence is admissible. Rule 402 provides as follows:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Rule 403 of the Federal Rules of Evidence provides the general test for excluding relevant evidence. Rule 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger

2

> of unfair prejudice, confusion of the issues, or misleading
> the jury, or by considerations of undue delay, waste of
> time, or needless presentation of cumulative evidence.

The introduction of the medical bills of Plaintiff Taramattie Doucette will not unfairly prejudice the Plaintiffs.  The Supporting Memorandum neither contends that the admission of the medical bills would cause any prejudice nor contends any of the other reasons set forth in Rule 403 to exclude relevant evidence.  The Motion in Limine solely rests upon the faulty assertion that the medical bills are not relevant; a position for which there is no legal support and which is in direct contradiction to the Federal Rules of Evidence.

      Defendant Panera, Inc. maintains that Plaintiff Taramattie Doucette's medical bills are relevant to gauge the extent of Plaintiff Taramattie Doucette's pain and suffering and diminished enjoyment of life and to calculate an appropriate damage figure.  The First Circuit in <u>Anthony v. G.M.D. Airline Servs.</u>, 17 F.3d 490 (1st Cir. 1994), clearly found the amount of the medical bills to be relevant when determining whether a jury award was excessive.  The Plaintiff does not and cannot dispute that the First Circuit in <u>Anthony v. G.M.D. Airline Servs.</u> compared the amount awarded to the plaintiff for pain and suffering with the medical expenses incurred by the plaintiff. Following the lead of the First Circuit, as this Court is legally bound to do, the jury should be allowed to review Plaintiff Taramattie Doucette's medical bills to determine what is an appropriate award for pain and suffering and diminished enjoyment of life.

WHEREFORE, the Plaintiff's Motion in Limine Regarding Reference to Special Damages should be DENIED.

        Respectfully submitted,
        PANERA, INC.
        By its Attorney.

        /s/ Christopher J. Sullivan
        Christopher J. Sullivan, BBO# 545137
        DAVIS, WHITE & SULLIVAN, LLC
        One Longfellow Place, Suite 3609
        Boston, MA  02114
        (617) 720-4060

Dated: September 30, 2005