UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TARAMATTIE DOUCETTE, )<br>ROBERT DOUCETTE, INDIVIDUALLY )<br>AND AS NEXT FRIEND OF CHRISTROPHER )<br>DOUCETTE, SEAN DOUCETTE AND )<br>PATRICK DOUCETTE, )<br>            PLAINTIFFS )<br>V. )<br>   )<br>PANERA, INC., )<br>            DEFENDANT )<br>   ) | CIVIL ACTION NO. 04-10960-PBS |

## DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Rule 51(b), of the Federal Rules of Civil Procedure, the defendant, Panera, Inc. moves that the jury in the above-captioned case be instructed in accordance with the attached requested jury instructions.

                                         Respectfully submitted,
                                         PANERA, INC.
                                         By its attorneys,

                                         Christopher J. Sullivan, BBO# 545137
                                         DAVIS, WHITE & SULLIVAN, LLC
                                         One Longfellow Place, Suite 3609
                                         Boston, MA  02114
                                         (617) 720-4060

A.     **GENERAL INSTRUCTIONS**

**DEFENDANT'S JURY REQUEST NO. 1**

**SYMPATHY**

You cannot be governed by sympathy or prejudice or any motive whatsoever, except a fair and impartial consideration of the evidence, and you must not allow any sympathy you may have for any party to influence you in any degree whatsoever in deciding whether the Plaintiff has sustained her burden of proof, or in assessing damages.

**DEFENDANT'S JURY REQUEST NO. 2**

**CORPORATION TREATED AS PERSON**

Corporations are entitled to the same protection and consideration as individuals before the law.  You should not treat the Defendant, Panera, Inc. any differently than you would an individual defendant.

B.   **CAUSATION**

**DEFENDANT'S JURY REQUEST NO. 3**

**BURDEN OF PROOF**

The burden of proof is on the Plaintiff to prove each and every essential element of her claim by preponderance of all the credible evidence. If the evidence should fail to establish any one of the essential elements of the Plaintiff's claims, or if the evidence is equally balanced as to any of the essential elements of the Plaintiff's claims, then you must find for the Defendant.

Borrelli v. Top Value Enterprises, 356 Mass. 110, 113, 248 N.E.2d 510 (1969).

Kenney v. Sears Roebuck & Co., 355 Mass. 604, 246 N.E.2d 649 (1969).

## DEFENDANT'S JURY REQUEST NO. 4

## PROXIMATE CAUSE

"A person may be negligent in her conduct or in her failure to act towards one to whom he owes a duty and not be liable for negligence. In order for a Plaintiff to recover, the Plaintiff must prove a casual connection between the Defendant's negligence and the injury or damage which he or she suffers." Under the law, the Defendant, is not liable for injuries caused by its conduct, unless such conduct is a direct and proximate cause of the injuries allegedly sustained by the Plaintiff. In the present case, if you find that the Defendant was negligent but the negligence of the Defendant was not the proximate cause of the injuries of the Plaintiff, then you must return a verdict for the Defendant.

**DEFENDANT'S JURY REQUEST NO. 5**

**SUBSTANTIAL CAUSE, DEFINED**

In order to recover against the Defendant in the present case, the Plaintiff must show by a preponderance of the evidence that the Defendant's conduct was the proximate cause in bringing about the injuries he claims. To do this, the Plaintiff must prove that the conduct of the Defendant was a material element and a substantial contributing cause of the injuries suffered.

The word "Substantial" is used to convey the fact that the conduct of the Defendant and not the conduct of a third party must have had such an effect in producing the harm as to lead reasonable persons to regard it as a cause, using the word "cause" in its common sense.

If, however, the harm to the Plaintiff would have been sustained regardless of any conduct by the Defendant then that conduct is not a substantial, material factor in bringing the harm.

Restatement (Second) of Torts, Section 431 (1978)); Tritsch v. Boston Edison Co. 363 Mass. 179, 182 (1973)

## DEFENDANT'S JURY REQUEST NO. 6

## PLAINTIFF MUST PROVE CAUSAL RELATIONSHIP

It is the Plaintiff's burden to prove by a fair preponderance of the evidence the existence of a causal relationship between the Defendant's breach of duty to the Plaintiff and her resultant harm. Recovery cannot be founded on conjecture or speculation as to the cause.

Landon v. First Nat. Stores, Inc., 365 Mass. 756 (1967); Gillis v. Boston R.B. & L.R. Co., 266 Mass. 481 (1929); Hollindge v. Duncan, 199 Mass. 121 (1908).

If you find that the cause of the Plaintiff's damages was outside the control of the Defendant, then you must find for the Defendant.

Mendum v. Massachusetts Bay Transportation Authority, 1 Mass. App. Ct. 873 (1974).

## DEFENDANT'S JURY REQUEST NO. 7

### CONJECTURE/SPECULATION

The Plaintiff has failed to maintain her burden of proof if, based on all of the credible evidence, the question of causation and the Plaintiff's damages are left to conjecture, surmise or speculation.

Bigwood v. Boston & Northern Street Railway, 209 Mass. 345, 348, 95 N.E.2d 791 (1911);

Morris v. Weene, 258 Mass. 178, 180, 154 N.E.2d 860 (1927);

Currie v. Lee Equipment Corp., 362 Mass. 765, 291 N.E.2d 403 (1973).

D.      **DAMAGES INSTRUCTIONS**

**DEFENDANT'S JURY REQUEST NO. 9**

**MITIGATION**

A person injured as a result of negligence is required to use reasonable efforts to mitigate her injuries. If the Plaintiff failed to use reasonable efforts to mitigate the damage or injury, the cause of any such injury which such efforts would have prevented is to be found in the neglect of the person injured, and not the original wrong.

Degener v. Gray Line, Inc. 331 Mass. 133, 134, 117 N.E.2d 641 (1954).

**DEFENDANT'S JURY REQUEST NO. 10**

**MEDICAL EXPENSES**

To recover medical expenses incurred by Plaintiff because of injuries sustained from the Defendant's negligence, the Plaintiff has the burden of proving that such services were, in fact, necessary to restore them to her bodily condition immediately prior to their received injuries.

Giannos v. Portnov, 57 Mass. App. Dec. 33 (1974).

## **DEFENDANT'S JURY REQUEST NO. 11**

## **FUTURE MEDICAL EXPENSE**

There is evidence tending to show that conditions which might require continued medical attention are the result of the Defendant's conduct.

If you find for the Plaintiff on the question of liability, and if you also find this to be the case, then you should consider the award, as an item of damages, of a sum which reflects the present case value of the cost of such future medical treatment.

Provided the testimony as to such future expenses is not purely speculation or conjectural, and provided you are able to form an approximate estimate of their cost, the fact that their actual cost cannot be determined to an absolute certainty should not defeat the Plaintiff's right to recovery for such expenses.

You must, however, be reasonably certain that such future expenses will be incurred.

Daniels v. Celeste, 21 N.E.2d 1 (1939).

**DEFENDANT'S JURY REQUEST NO. 12**

**MEDICAL OPINION TESTIMONY**

Medical opinion testimony has no greater weight than other testimony, even though it may be uncontradicted.

Dodge v. Sawyer, 288 Mass. 402, 408, 193 N.E. 15 (1934).

**DEFENDANT'S JURY REQUEST NO. 13**

**LOSS OF CONSORTIUM**

If you find the plaintiff on the issue of liability, the plaintiff's spouse may recover damages for loss of consortium. In determining his damages, you are to fairly compensate him for the loss of care, comfort companionship, affection, and sexual enjoyment of his spouse, caused by the defendant's act.

Diaz v. Eli Lilly & Co., 364 Mass. 153, 167-168, 302 N.E. 2d 555, 564 (1973).

**DEFENDANT'S JURY REQUEST NO. 14**

**MEDICAL EXPENSES**

In assessing the plaintiff's damages, you should take into consideration any evidence presented as to medical, hospital, or nursing expenses incurred by the plaintiff in the past or to be incurred by the plaintiff in the future.  Your award should be restricted to those expenses found not only to be necessary, but also reasonable in light of the services that are involved.  You should also deduct from the award any expenses that are not directly related to the injuries caused by the defendant.

See Rodgers v. Boynton, 315 Mass. 279, 280, 52 N.E. 2d 576 (1943); R. EADES, JURY INSTRUCTION ON DAMAGES IN TORT ACTIONS §§6-6, 6-7 (3d ed. 1993).