UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                PLAINTIFFS

VS.                                                CIVIL ACTION NO. 10960-RBC

PANERA, INC.,
                DEFENDANT

AMENDED JOINT PRE-TRIAL CONFERENCE MEMORANDUM

The parties, having conferred, submit this Memorandum, pursuant to the Court's order of July 13, 2005.

(1) Concise summary of evidence to be offered at trial:

(a) Plaintiffs

On November 10, 2001, Brandon Sakurai, defendant's sixteen-year-old employee at its restaurant in Swampscott, MA, was carrying a canister containing 1.75 gallons of freshly brewed coffee, at nearly boiling temperature, from the coffee brewing station to the coffee service station, through a crowd of Panera customers.  Plaintiff Taramattie Doucette and her ten-year-old son, Christopher, were Panera customers.  Mr. Sakurai dropped the canister onto the floor, the top came off, and scalding hot coffee splashed onto Taramattie Doucette's right foot and ankle.  The coffee was trapped inside her laced sneaker.  Ms. Doucette suffered second degree burns on her foot and ankle.  This was an agonizing injury, requiring debridement of burned skin, and daily wound cleansing to prevent infection.  Ms. Doucette, an attorney, returned to her office at Greater Boston Legal Services at the end of November, 2001; she did

much of her work at home through the end of that year.  Ms. Doucette was on crutches until the end of January, 2002.  Her wound gradually healed, but she is left with lingering neuropathic symptoms, including itching and prickling sensations and hypersensitivity to changes in temperature or air currents.

Ms. Doucette's ability to be a wife and mother to her family was greatly compromised in the period following her injury; for example, she and her husband did not resume intimate relations until the Spring of 2002, and their relationship was not fully restored for more than two years after the injury.

(b) <u>Defendant:</u>

On November 10, 2001, the Plaintiff sustained a burn to her right foot and ankle when a canister of coffee fell from the hands of a Panera employee and struck the ground causing the coffee to splash upon the Plaintiff's foot. The Plaintiff was assisted by a Panera employees and a patron who was a nurse at a burn unit at a local hospital.  The Plaintiff received first aid and was transported to the North Shore Medical Center.  The Plaintiff received daily visits at her home from a nurse during the week following the accident.  Under the nurse's care, the Plaintiff made a good recovery reducing the pain level by over half.  By November 22, 2001, the Plaintiff returned to work.

Dr. Joseph G. D'Alton will testify the Plaintiff received first and second-degree burns to her foot for which she received appropriate treatment and had good healing of the original burn.  Dr. D'Alton will testify the medical documentation and evidence, including an examination of the Plaintiff, does not support her assertion

she presently suffered from "phantom pain syndrome" and neuropathic pain syndrome.

The Plaintiff will also fail to establish that her "ability to be a wife and mother to her family was greatly compromised" was a direct consequence of the accident of November 10, 2001. The evidence will show there were complications in the Plaintiff's marriage dating back to 1992 when she filed for divorce citing cruel and unusual abuse as the basis for the complaint. The Plaintiff claims to experience continuous discomfort to her foot in the form of a prickly feeling which occurs when there is a change in temperature. The medical evidence, however, is expected to contradict the Plaintiff's claim of continuing pain and disability. The Plaintiff's discomfort shortly after the accident was minimal and not such that it has "compromised" her ability to be a mother to her children.

(2) <u>Facts established by pleadings or by stipulations or admissions of counsel, including all facts not in genuine dispute:</u>

PLAINTIFF'S POSITION:

-at all times relevant, including November 10, 2001, defendant was responsible for the operation of the Panera Bread Restaurant in Swampscott, MA (hereinafter, "the Panera restaurant");

-on November 10, 2001, at approximately 11 a.m., the defendant's employee, Brandon Sakurai, then age 16, was carrying a canister containing 1.75 gallons of hot coffee, from the brewing station to the coffee service station at the Panera restaurant;

3

-it was a distance of at least thirty feet from the coffee brewing station to the coffee service station;

-in order to bring the coffee canister to the coffee station, Brandon Sakurai had to carry the canister past the Panera restaurant customers who were gathered near the bakery counter, waiting for their orders to be processed;

-this was the normal and routine manner for Panera restaurant employees to deliver hot coffee to the coffee station;

-the coffee in the canister that Brandon Sakurai was carrying was at a temperature of 197 degrees, plus or minus 3 degrees, Fahrenheit;

-this was the normal and routine temperature for coffee that had just been brewed and was being carried to the coffee station;

-on November 10, 2001, at approximately 11 a.m., Brandon Sakurai dropped the canister on the floor at the Panera restaurant, the top came off the canister, and the hot coffee splashed out of the canister onto the right ankle and foot of Taramattie Doucette;

-the hot coffee that splashed from the canister caused second degree burns on Taramattie Doucette's right ankle and foot.

DEFENDANT'S POSITION:

-at all times relevant, including November 10, 2001, defendant was responsible for the operation of the Panera Bread Restaurant in Swampscott, MA (hereinafter, "the Panera restaurant");

-on November 10, 2001, at approximately 11 a.m., Brandon Sakurai dropped the canister on the floor at the Panera restaurant, the top came off the canister, and the

4

hot coffee splashed out of the canister onto the right ankle and foot of Taramattie Doucette;

- the coffee in the canister that Brandon Sakurai was carrying was at a temperature of 197 degrees, plus or minus 3 degrees, Fahrenheit;

-the hot coffee that splashed from the canister caused first and second degree burns on Taramattie Doucette's right ankle and foot.

(4) <u>Contested issues of fact</u>:

PLAINTIFF'S ISSUES:

(a) The Plaintiff's injuries, medical treatment, and alleged disability of the Plaintiff are all contested issues of fact.

DEFENDANT'S ISSUES:

(a) Causation between the November 10, 2001 incident and the plaintiff's claimed injuries.

(b) The nature and extent of the plaintiff's injuries; and

(c) The claimed continuing disability of the plaintiff.

(5) <u>Issues of law, including evidentiary questions</u>

PLAINTIFF'S POSITION:

The Plaintiffs contend, and intend to present evidence to show, that the Defendant was negligent, in that its method of serving coffee at the Panera restaurant posed and unreasonable risk of injury to its patrons; the Defendant contends that the Plaintiff should not be allowed to present this evidence of the Defendant's negligence. The

Defendant will offer to stipulate only that the Defendant's employee, Brandon Sakurai, was negligent in dropping the canister of hot coffee, with the intent of limiting the issue of the Defendant's liability to vicarious liability for its employee's negligent act and avoiding the issue of the Defendant's direct negligence.

DEFENDANT'S POSITION:

The Defendant stipulates to liability on behalf of Panera, Inc. However, despite the defendant's position, the plaintiffs still intend to offer evidence of negligence against Panera, Inc. It is the Defendant's position that the Plaintiff is offering said evidence in order to inflame the jury and that the evidence is irrelevant once it negligence is stipulated.

(6) Requested Amendments to the Pleadings

The Plaintiffs request permission to amend their Amended Complaint, so that the following paragraph will be substituted for the present Paragraph 17:

"17. Plaintiff Taramattie Doucette suffered pain and hypersensitivity at the burn site for many months, and continues to experience hypersensitivity and discomfort where she was burned; this hypersensitivity and discomfort may be permanent."

The Defendant objects to the Plaintiff's request to Amend the Complaint on the basis that the Complaint was filed in the Commonwealth of Massachusetts, in a notice jurisdiction, and the party is not required to state the specific injury that is subject of the complaint, but rather put the other party on notice that compensation is being sought for personal injuries arising from the alleged incident. Further the amendment is duplicative of the Plaintiff's claim for personal injuries and unnecessary.

(7) <u>Additional Matters to aid in the disposition of the action</u>

The Defendant has filed "Defendant's Motion to Strike Plaintiff's Admissions." A hearing on the motion prior to trial would be of assistance to the parties.

(8) <u>Witnesses to be called</u>

By the plaintiffs:

Taramattie Doucette, 34 Hardy Road, Swampscott, MA 01907

Robert Doucette, 34 Hardy Road, Swampscott, MA 01907

Susan Burke, R.N., 57 Shepard Avenue, Swampscott, MA 01907

Yan Klyachman, 1 Wallen Way, Middleton, MA 01949

Dennis Tarr, Panera Bread, 433 Paradise Road, Swampscott, MA 01907 (Defendant objects – irrelevant – Defendant has stipulated to liability)

Brandon Sakurai, 44 Norfolk Avenue, Swampscott, MA 01907  (Defendant objects – irrelevant – Defendant has stipulated to liability)

Paula Hovey, R.N., VNA of Greater Salem, 800 Cummings Center, Suite 166S, Beverly, MA 01915

John Schulz, M.D., Ph.D., Massachusetts General Hospital, 22 Fruit Street, Boston; testimony expected to be by videotape deposition.

By the defendant:

Paula Hovey, R.N., VNA of Greater Salem, 800 Cummings Center, Suite 166S, Beverly, MA 01915

Dennis Tarr, Panera Bread, 433 Paradise Road, Swampscott, MA 01907 (rebuttal witness only)

Keeper of the Records of Plaintiff's Medical Providers

Keeper of the Records of Plaintiff's Employer Greater Boston Legal Services

Joseph G. D'Alton, M.D., 463 Worcester Road, Framingham, MA 01701

(9) <u>Proposed exhibits</u>:

By the plaintiff:

a) Diagram of Panera restaurant interior, at time of incident (<u>Defendant Objects</u> – irrelevant – Defendant has stipulated to liability)

b) Model IC-175 coffee canister ((<u>Defendant Objects</u> – irrelevant – Defendant has stipulated to liability)

Taramattie Doucette's medical records:

c) North Shore Ambulance Inc., 11/10/01;

d) Salem Hospital Emergency, 11/10/01

e) Harvard Vanguard Medical Associates, 11/10/01 – 10/8/02;

f) Visiting Nurses Association of Greater Salem, 11/13/01 – 11/19/01;

g) Dr. Steven Van Dam, 7/14/03

h) Dr. David J. Crowley; 8/18/03;

i) Dr. Kenneth C. Gorson, 10/4/04;

j) Pharmacy records, CVS pharmacy, 2001 – 2005;

k) Photographs of Plaintiff's foot, showing area of burn and blistering.

By the defendant:

a) Greater Boston Legal Services – Plaintiff's Employment records of Taramattie Doucette

8

b) Keeper of the Records of Visiting Nurse Association of Greater Salem.- Complete Medical Record

c) Divorce Pleadings and Records of Taramattie Doucette and Robert Doucette, Essex County Probate Court (<u>Plaintiffs Object</u> – irrelevant to any issue being tried);

d) Photographs of Taramattie Doucette's right ankle and foot, taken at deposition on November 19, 2004.

e) Keeper of the Records of Harvard Community Health Plan, Peabody, MA- Complete Medical Record

f) Keeper of the Records of North Shore Medical Center, Salem, MA- Complete Medical Record

<u>Trial counsel:</u>

| For the plaintiffs: | For the defendant: |
|---|---|
| Margaret G. Barmack<br>Barmack & Boggs<br>41 Ocean Street<br>Lynn, MA 0l902<br>Tel. 781-596-2540 | Christopher J. Sullivan<br>Davis, White & Sullivan, LLP<br>One Longfellow Place, Suite 3609<br>Boston, MA 02114<br>Tel. 617-720-4060 |

Respectfully Submitted,

DAVIS, WHITE & SULLIVAN, LLC
Counsel for Defendant, Panera, Inc.

<u>/s/ Christopher J. Sullivan</u>
Christopher J. Sullivan, BBO# 545137
Joseph A. Merlino, BBO# 648647
DAVIS, WHITE & SULLIVAN, LLC
One Longfellow Place, Suite 3609
Boston, Massachusetts 02114
(617) 720-4060

        BARMACK & BOGGS
        Counsel for Plaintiffs, Taramattie Doucette,
        Robert Doucette, Individually and as Next
        Friend of Christopher Doucette, Sean
        Doucette and Patrick Doucette,


/s/ Margaret G. Barmack
Margaret G. Barmack, BBO# 029660
BARMACK & BOGGS
41 Ocean Street
Lynn, Massachusetts 01902
(781) 596-2540