UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCDETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF CHRISTOPHER
DOUCETTE, SEAN DOUCETTE, AND
PATRICK DOUCETTE,
        PLAINTIFFS

VS.                                                                    CIVIL ACTION NO. 04-10960-RBC

PANERA, INC.,
        DEFENDANT

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION IN LIMINE REGARDING REFERENCE TO SPECIAL DAMAGES

Having received the defendant's Opposition to Plaintiff's Motion in Limine Regarding Reference to Special Damages, citing various authorities in support of their position, the plaintiff submits this brief Memorandum in support of her Motion in Limine.

A. <u>The defendant mistakenly contends that the extent of the Tara Doucette's medical expenses is relevant to the jury's determination of the extent of the plaintiff's pain and suffering.</u>

     When the plaintiff does not seek compensation for her medical expenses, the amount of these expenses are not relevant to the jury's deliberations. There is no logical connection between the cost of medical care and the pain suffered by the patient. The cases cited by the defendant do not support the proposition that the jury can rationally use the amount of the plaintiff's medical costs as a gauge of her pain and suffering. In the case of <u>Anthony v. GMD Airline Services, Inc.</u>, 17 F.3d 490 (1st Cir. 1994), the First Circuit found that the trial judge had abused his discretion in refusing to order a remittitur after the jury found for the plaintiff in the amount of $566,765 for pain and suffering, $1,335 in medical expenses and $3,000 for one lost week of work. The Court's analysis focused on the very thin medical evidence, including the fact that after first aid on the scene for an abrasion, the plaintiff waited two months to see his doctor, and then waited a year to see the specialist to whom he had been referred by his doctor. As the Court noted, "[t]he injury to Anthony's leg is not particularly severe. Most notably, it required no major medical treatment. Aside from the initial administration of first aid and the subsequent referral by doctor Perraud, Anthony's entire medical treatment consisted of

one visit to a doctor who prescribed elastic stockings and rest. Secondly, Anthony's pain is not so severe as to require anything more powerful than aspirin or Tylenol. Furthermore, there is no testimony or other evidence that Anthony's current condition is permanent.."

The Court decided that **"the nature of Anthony's injury** cannot justify a pain and suffering award that is over one hundred times larger than the $1,335 in out of pocket [medical] expenses and $3,000 in lost wages that Anthony incurred." Clearly, the key point is "the nature of [the plaintiff's] injury" in determining that the jury verdict was "excessive as a matter of law."

None of the other cases cited by the defendant advance its argument that it should be allowed to refer to the plaintiff's medical expenses. M&I Heat Transfer Products v. Gorchev, 141 F3d 21,23 (1st Cir. 1998)(defamation case, in which Anthony is cited only for general issue of when to order a new trial); Air Safety v. Roman Catholic Archbishop, 94 F.3d 1,5 (1st Cir. 1996) ( contract action between an asbestos removal contractor and the owner of six parochial elementary schools, new trial for excessive award); Cambridge Plating Co. v. Napco, Inc., 85 F.3d 752, 773 (1st Cir. 1996)(contract, warranty dispute, order regarding remittitur).

In this matter, the plaintiff's medical records will be available for the jury's review, as well as the expert medical testimony from plaintiff and defendant, and these

will allow the jury to evaluate the nature of the plaintiff's injury and to decide upon a fair compensation for her pain and suffering.

Respectfully submitted,

For the plaintiffs

*[signature]*

Margaret G. Barmack
BBO No. 029660
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902
Tel. 781-596-2540

### Certificate of Service

I, Margaret G. Barmack, hereby certify that the within memorandum was served on the defendant by facsimile, email and mailing postage paid on even date to Atty. Christopher Sullivan, at Davis, White & Sullivan, One Longfellow Place, Suite 3609, Boston, MA 02114.

Date: 9/30/05

*[signature]*

Margaret G. Barmack

3