UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 SEP 30 P 1:48
U.S. DISTRICT COURT
DISTRICT OF MASS.

TARAMATTIE DOUCDETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF CHRISTOPHER
DOUCETTE, SEAN DOUCETTE, AND
PATRICK DOUCETTE,
      PLAINTIFFS

VS.                          CIVIL ACTION NO. 04-10960-RBC

PANERA, INC.,
      DEFENDANT

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

The plaintiffs propose the following jury instructions:

A. <u>Instructions prior to presentation of evidence.</u>

   1. <u>Liability.</u> The defendant has admitted that it is liable for all the plaintiffs' damages and losses which were caused by the burn injury suffered by plaintiff Tara Doucette on November 10, 2001, at the Panera restaurant in Swampscott.

   2. <u>Established facts.</u>

   Although no evidence has been presented, you must accept as proved that:

     a. the coffee that spilled from the canister and burned Tara Doucette was at a temperature of 197 degrees, plus or minus 3 degrees; that is, it was between 194 and 200 degrees Fahrenheit;

     b. the canister that Brandon Sakurai dropped contained 1.75 gallons of hot coffee.

B. <u>Instructions after closing arguments</u>:

3. <u>Causation</u>. The defendant's conduct was the legal cause of the plaintiff's injury if it was a substantial factor in bringing about the injury.

4. <u>Comparative Negligence</u>. There is no evidence in this case that the plaintiff herself played any role in bringing about or causing her burn injury, and you are not to consider her to have been negligent in any way.

5. <u>Damages</u>. In this case, plaintiff Tara Doucette seeks compensation for her pain and suffering, and for her diminished enjoyment of life. The plaintiff bears the burden of proving her damages by a fair preponderance of the evidence. The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct. The object is to try to restore the injured person to the position that she would have been in, had the wrong not occurred.

Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to her by the defendant.

You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate. There is no special formula under the law to assess the plaintiffs' damages. It is your obligation to assess what is fair, adequate and just. You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonably compensate each plaintiff for his or her injuries. You must be guided by your common sense and your conscience.

6. <u>Loss of consortium – spouse.</u> In addition to the damages just described to you which plaintiff Tara Doucette is seeking in this action, her spouse, Robert Doucette, has a claim to recover for the damages he has suffered as a result of the defendant's negligence. This type of claim is called loss of consortium. The word "consortium" really means a right which grows out of the marital relationship between husband and wife. It is a right to enjoy the society and companionship and the affection, including the right to sexual relations between the spouses as a part of the marriage relationship.

Therefore, if you find that as a result of Tara Doucette's burn injury the plaintiff's spouse, Robert Doucette, has suffered a loss of consortium, you should fairly and reasonably compensate him for the loss. You may consider, on this question of loss of consortium,

- loss of companionship and society;
- loss of comfort, solace, or moral support;
- any loss of enjoyment of sexual relations;
- any restrictions on social or recreational life; and
- basically any deprivation of the full enjoyment of the marital state.

You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience, and conscience. There is no special formula or rule to measure a fair amount for loss of consortium. You must now, however, allow any overlapping of damages with those belonging to the plaintiff; each is entitled to damages for his or her individual loss.

7. <u>Loss of Consortium – Children.</u>  Each of Tara Doucette's three children, Patrick, Christopher and Sean Doucette, has a claim to recover for the damages which each has suffered as a result of the their mother's burn injury. This type of claim is called loss of parental society and it allows recovery to the child of a physically injured person caused by the negligence of a third person.  This really means a right which grows out of the relationship between parent and child.  It is a right to enjoy the society and companionship and the affection of a parent as a part of the parent-child relationship.

Therefore, if you find that any of the plaintiff's children has suffered a loss of parental society, you should fairly and reasonably compensate him for the loss.  On this question you may consider:

- the loss of companionship and society;
- loss of comfort, solace, or moral support;
- any restrictions on social or recreational life; and
- basically any deprivation of the full enjoyment of the parent-child relationship.

You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience, and conscience.  There is no special formula or rule to measure a fair amount for loss of consortium.  You must not, however, allow any overlapping of damages with those belonging to the plaintiff.

4

[See, Ferriter v. Daniel O'Connell's Sons, Inc., 381 Mass. 507, 509-17 (1980)(right of a dependent minor to recover for loss of a parent's society and companionship, closeness, guidance and nurture).]

Respectfully submitted,

For the plaintiffs

*/s/ Margaret A. Barmack*

Margaret G. Barmack
BBO No. 029660
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902
Tel. 781-596-2540

### Certificate of Service

I, Margaret G. Barmack, hereby certify that the within proposed voir dire questions were served on the defendant by facsimile, email and mailing postage paid on even date to Atty. Christopher Sullivan, at Davis, White & Sullivan, One Longfellow Place, Suite 3609, Boston, MA 02114.

Date: 9/30/05

*/s/ Margaret A. Barmack*
Margaret G. Barmack