# United States District Court
# District of Massachusetts

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, Individually
    And As Next Friend of
        CHRISTOPHER DOUCETTE,
        SEAN DOUCETTE,
        PATRICK DOUCETTE,
        Plaintiffs,

       v.        CIVIL ACTION NO. 2004-10960-RBC

PANERA, INC.,
        Defendant.

## JURY INSTRUCTIONS
## ON SPECIFIC CLAIMS AND DEFENSES

*Introduction*

    I begin my instructions on the specific claims which have been brought in this case and the defenses which have been asserted to those claims. And you have the jury verdict form, which is a series of questions, and as I give these

instructions, I will be referring to the specific questions on the jury form. Basically the questions are in such a sequence that when you begin your deliberations you should consider the issues in the order which the questions are asked. You may take the written instructions and the jury verdict form to the jury room with you as you deliberate.

*Claim of Taramattie Doucette*

Since the defendant, Panera, Inc., has admitted responsibility for the accident, the only issue you need decide with respect to the plaintiff, Taramattie Doucette, is the amount of damages she is to be awarded . You are instructed that the plaintiff is entitled to receive a full, fair and reasonable amount which will compensate her for any injuries which were caused by the accident.

Now, with respect to damages the first principle that you must keep in mind in ascertaining the amount of damages is that you are not to award any damages for any injury or condition from which Ms. Doucette may have suffered or may now be suffering or will suffer in the future  unless it has been established by a preponderance of the evidence in the case that the particular injury or condition for which damages are sought was caused by the accident on November 10, 2001.  Any injury or condition which was not caused by the

accident could not be the basis of an award of damages.

This is an issue in this case. Ms. Doucette claims that the accident caused an injury the effects of which have lasted for a period of years after the accident, and, indeed, continue to some degree to this day and will continue into the future. The defendant, Panera, Inc., claims that the effects of the injury incurred on November 10, 2001 persisted for only a limited period of time, measured in weeks or months, not years. The issue is for you to decide based on the evidence you have heard.

In deciding the issue, bear in mind that the burden of proof is on Ms. Doucette to prove by a preponderance of the evidence that the injuries or conditions for which she seeks a recovery of damages were proximately caused by the accident and not by some other cause. Ms. Doucette sustains her burden if she proves that there was a greater likelihood or probability that the damages complained of were due to the accident on November 10, 2001 than to any other cause.

For the purpose of this claim, injury or damage is said to be caused or contributed to by an accident when it appears from a preponderance of the evidence in the case that the accident was a substantial contributing factor in bringing about or actually causing the injury or damage. This means simply

that Ms. Doucette must prove that there is a greater likelihood that the injuries or conditions for which she seeks a recovery of damages is due to the accident than to some other cause. This is not to say that Ms. Doucette must prove that the accident was the sole cause. There can be many causes for an injury. The plaintiff must prove that the accident was a substantial contributing cause.

Once you have determined what injuries were proximately caused by the accident, you need to determine the amount of damages which you will award to her. You are free to use any reasonable method to determine the amount of damages that the plaintiff is entitled to receive to compensate her for any loss which was caused by the accident. The issue is left to your collective judgment.

You should award such a sum as may reasonably compensate her for pain, discomfort, suffering, emotional distress and mental anguish she has suffered as a result of the injuries and such pain, discomfort, suffering, emotional distress and mental anguish she may suffer in the future as a result of the injuries which were caused by the accident. "Physical pain and suffering" is a phrase which I think the jurors can fairly understand. What is included in mental anguish is any mental suffering or emotional distress as distinguished from physical pain and suffering. The term embraces such states as fright, nervousness, grief, anxiety, worry, mortification, humiliation, embarrassment,

apprehension, fear, things of that sort, if you, in fact, find that Ms. Doucette has suffered any of those, either in the past or is reasonably certain to in the future.

You should also compensate her for any impairment of her ability to enjoy life that she has suffered and that you find that she will suffer in the future. That is, you should award a sum which will compensate her for the extent to which the injury has and will impair or deprive her of the opportunity or ability to engage in or enjoy the activities and pleasures of life.

These are the two elements of damage for which Ms. Doucette seeks recovery. She is NOT seeking a recovery of any medical bills or any lost wages.

Now in considering the claims for pain and suffering and loss of enjoyment of life, you should know that Ms. Doucette is entitled to an award not only of past losses but also for losses which she is reasonably certain to incur in the future. You should consider the adverse impact the injury will have on her personal life in the future. She is entitled to only one recovery for injuries which are caused by the accident. She cannot come back in years or even months from now for additional damages which may occur in the future. Therefore you should include in your award all money which you feel will compensate the plaintiff for any future damages that she is reasonably certain to incur due to the injury which were caused by the accident.

Now you note that I indicated that you should award Ms. Doucette damages not only for past damages but also for any future damages you find she is reasonably certain to incur as a result of the accident. In regard to future damages, you are instructed that absolute certainty with respect to damages need not be proved. It is sufficient that the probability of damages is reasonably certain such that allowance should be made for any damages in the future. Damages should be reasonable. You may arrive at the figure of how much money you are going to award her by calculating the amount with reference to the severity of the injury caused by the accident that you find will have an impact on the remaining days of the her life.

These damages - that is, for pain and suffering and for the loss of the ability to enjoy aspects of one's life, are intangibles, and the amount you award as compensation is left to your discretion. Your discretion is limited only by the fact that any damages you award must be reasonable to compensate the plaintiff for her particular injuries and/or condition which you find has flowed from the accident.

I cannot give you a formula to ascertain the amount of these damages. There are no objective guidelines by which you could measure the money equivalent of these elements of injury. The only real measuring stick is the

collective enlightened conscience of the jury, which is why the law commits the task of determining the amount of these damages to the common sense of the jury.

In this difficult task of putting a money figure on an aspect of an injury that does not readily lend itself to evaluation in terms of money, you should try to be objective, calm and dispassionate and not to be unduly swayed by considerations of sympathy.  On the other hand, you should bear in mind that although intangible, the plaintiff is entitled to be compensated in a reasonable amount for past and future pain and suffering and mental anguish which are caused by injury in question.

You are not permitted to award speculative damages or guess at an amount.  You are not entitled to award punitive damages, that is, moneys to punish a party.  The hallmark is compensatory damages.  In other words, the effort is to compensate the plaintiff by a monetary figure for those losses she suffered as a result of the accident - that is to award a monetary amount which will reasonably compensate her for the losses that she has sustained or as near as possible as can be done with money put her in the position that she would have been in had the accident not occurred.

Again, the damages must be reasonable; but on the other hand, the

plaintiff is entitled to a full and fair damage award which reasonably compensates her for all losses which are found to have been caused by the accident in question.

So, in sum, once you have determined the extent of the injuries which Ms. Doucette has proven she suffered and will suffer as a result of the accident, you then decide the total monetary amount which will reasonably compensate her, and enter that total amount in answer to Question #1 which reads:

1.  What amount of compensatory damages do you award the plaintiff, Taramattie Doucette, for the pain and suffering and the loss of enjoyment of life which you find were proximately caused by the accident November 10, 2001 at the defendant, Panera, Inc.'s restaurant in Swampscott, Massachusetts?

*Claim of Robert Doucette*

The next claim you must consider is Robert Doucette's claim of loss of consortium. The first issue is whether Robert Doucette has proven by a preponderance of the evidence that the injuries sustained by Ms. Doucette as a result of the accident on November 10, 2001 caused him to suffer a loss of consortium. The word "consortium" means a right which grows out of a marital relationship between a husband and his wife. It is the right to enjoy the society and companionship and the affection of the wife, and it includes the right to

sexual relations between spouses as part of the marriage relationship. Question #2 puts the issue:

2.   Has the plaintiff, Robert Doucette, proven by a preponderance of the evidence that he has suffered a loss of consortium with his wife, Taramattie Doucette, as a result of the accident occurring on November 10, 2001 at the defendant, Panera, Inc.'s restaurant in Swampscott, Massachusetts?

You answer that question "Yes" or "No."

If you find that Mr. Doucette has proven that he has suffered a loss of consortium, he is entitled to an award of money damages which will fairly and reasonably compensate him for that loss. You may consider the following: (1) the loss of companionship and society of the spouse, (2) the loss of comfort, solace and/or moral support of the spouse, (3) the loss of sexual relations, (4) any restrictions on social or recreational life with the spouse, and (5) any other deprivation of the full enjoyment of the marital state. There is no special formula or rule to measure a fair amount. Again, the amount must be reasonable and is limited to the losses suffered by Mr. Doucette; the amount should not include any amounts representing losses to Ms. Doucette.

Question #3 puts the damage question as to Robert Doucette. It reads:

3.   If the answer to Question # 2 is in the affirmative, what is the amount of damages you award to the plaintiff, Robert Doucette, for the loss of consortium with his wife, Taramattie Doucette, which was proximately

>caused by the accident occurring on November 10, 2001 at the defendant, Panera, Inc.'s restaurant in Swampscott, Massachusetts?

You answer that question by putting an amount in the space provided.

*Claims of Robert Doucette on behalf of Sean Doucette, Christopher Doucette and Patrick Doucette*

Robert Doucette, as parent, brings claims of loss of parental society and companionship on behalf of his and Ms. Doucette's three children, Sean, Christopher and Patrick. You will need to consider the claims with respect to each child separately, but the law you apply with respect to the claims is identical, so I will state the law and then put the separate questions as they relate to each child.

The law provides that when an accident occurs causing injury to a parent, the party responsible for injuring the parent is liable to pay damages for any child of the parent who suffers a loss of parental society and companionship. A parent brings the action on behalf of minor children who cannot file a lawsuit on their own. To recover on a claim of loss of parental society and companship, it must be shown by a preponderance of the evidence that the child is dependent on the parent to the extent that the child needs closeness, guidance and nurture; put another way, it must be proven that the child is dependent on

the parent for the management of the child's needs - for example, for the preparation of the child's meals, for overseeing the child's recreation, schoolwork and friendships, and/or for emotional support.

So to prevail on the claim, it must be proven by a preponderance of the evidence that the child is dependent on the parent, that the child has suffered a loss of parental society and companionship as I have defined those terms, and that the injury to the parent which occurred on November 10, 2001 was the proximate cause of the loss to the child of parental society and companionship. The definition of proximate cause is the same as I previously indicated.

For the purpose of this claim, the loss to the child is said to be caused or contributed to by an accident when it appears from a preponderance of the evidence in the case that the accident was a substantial contributing factor in bringing about or actually causing the loss. This means simply that as to each child, Mr. Doucette must prove that there is a greater likelihood that the loss of parental society and companionship for which he seeks a recovery of damages on behalf of the child is due to the accident than to some other cause. This is not to say that Mr. Doucette must prove that the accident was the sole cause. There can be many causes for an injury. He must prove by a preponderance of the evidence that the accident was a substantial contributing cause of the loss

of parental society and companionship.

So Questions ## 4, 6 & 8 put the issue separately as to each of the three children. They read:

4. Has the plaintiff, Robert Doucette, proven by a preponderance of the evidence that Sean Doucette has suffered a loss of parental companionship with his mother, Taramattie Doucette, as a result of the accident occurring on November 10, 2001 at the defendant, Panera, Inc.'s restaurant in Swampscott, Massachusetts?

6. Has the plaintiff, Robert Doucette, proven by a preponderance of the evidence that Christopher Doucette has suffered a loss of parental companionship with his mother, Taramattie Doucette, as a result of the accident occurring on November 10, 2001 at the defendant, Panera, Inc.'s restaurant in Swampscott, Massachusetts?

8. Has the plaintiff, Robert Doucette, proven by a preponderance of the evidence that Patrick Doucette has suffered a loss of parental companionship with his mother, Taramattie Doucette, as a result of the accident occurring on November 10, 2001 at the defendant, Panera, Inc.'s restaurant in Swampscott, Massachusetts?

You answer each of those questions "yes" or "no."

If you find that Mr. Doucette has proven that Sean, Christopher and/or Patrick has suffered a loss of parental society and companionship, he is entitled to an award of money damages which will fairly and reasonably compensate each child who has suffered that loss. In determining the award, you may consider the following: (1) the child's loss of companionship and society of Ms.

Doucette, (2) the loss of comfort, solace, affection and/or emotional support which Ms. Doucette provides to the child, and (3) any restrictions on the activities which Ms. Doucette engages in with or for the child, including acts necessary for the health and well-being of the child as well as any social or recreational activities in which the parent and child participate. As with the loss of consortium claim, there is no special formula or rule to measure a fair amount. Again, the amount must be reasonable and is limited to the losses suffered by the particular child; the amount should not include any amounts representing losses to Ms. Doucette. You focus on whether and to what extent each individual child has suffered a loss of parental society and companionship.

Questions ## 5, 7 and 9 put the issue of the amount of damages to award on behalf of each child. They read:

5.  If the answer to Question # 4 is in the affirmative, what is the amount of damages you award to the plaintiff, Robert Doucette, for the loss of parental companionship with his mother suffered by Sean Doucette which was proximately caused by the accident occurring on November 10, 2001 at the defendant, Panera, Inc.'s restaurant in Swampscott, Massachusetts?

7.  If the answer to Question # 6 is in the affirmative, what is the amount of damages you award to the plaintiff, Robert Doucette, for the loss of parental companionship with his mother suffered by Christopher Doucette which was proximately caused by the accident occurring on November 10, 2001 at the defendant, Panera, Inc.'s restaurant in Swampscott, Massachusetts?

9. If the answer to Question # 8 is in the affirmative, what is the amount of damages you award to the plaintiff, Robert Doucette, for the loss of parental companionship with his mother suffered by Patrick Doucette which was proximately caused by the accident occurring on November 10, 2001 at the defendant, Panera, Inc.'s restaurant in Swampscott, Massachusetts?

You answer each question by placing a monetary figure in the space provided.