UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                PLAINTIFFS

VS.                                CIVIL ACTION NO. 04-10960-RBC

PANERA, INC.,
                DEFENDANT

## DEFENDANT, PANERA, INC.'S OPPOSITION TO PLAINTIFFS' BILL OF COSTS PURSUANT TO RULE 54

NOW COMES the Defendant Panera, Inc. and opposes the Plaintiffs' "Bill of Costs" requesting denial of the awarding of any costs to the Plaintiffs. The Plaintiffs requested the Court to assess costs against the Defendant in the amount of $2,375.50. The Plaintiffs cite Rule 54 and 28 U.S.C. s. 1920 as the basis of their request.

## INTRODUCTION

The case arises from an accident where the Plaintiff Taramattie Doucette sustained a burn to her ankle while a patron at the Panera Bread Restaurant in Swampscott, Massachusetts. Mrs. Doucette brought a negligence claim against the Defendant for injuries sustained as a result of the burn. Mrs. Doucette's husband, Robert Doucette brought a loss of consortium claim and three (3) separate claims for loss of parental companionship on behalf of their three (3) children.

On May 17, 2005, the parties attempted to resolve the matter before trial through mediation. After exhaustive negotiations, the Defendant offered to resolve the matter for fifty thousand dollars ($50,000.00). The Plaintiffs claimed they were entitled to one

hundred and forty-five thousand dollars ($145,000.00) and would not lower their demand any further. The settlement discussions broke down and the parties proceeded to prepare for trial. The Defendant filed an Offer of Judgment pursuant to F.R.C.P. Rule 68 in the amount of $50,000.00. (Exhibit "A")

After a four day trial, the jury deliberated for approximately two and a half hours before reaching a verdict. The jury found in favor of Defendant Panera, Inc. on all counts brought by Robert Doucette on behalf of himself and his three (3) children. The jury found in favor of Taramattie Doucette and awarded her ten thousand dollars ($10,000.00) including one thousand, six hundred eighty-six dollars and sixty cents ($1,686.60) in interest for damages associated with the accident. The Plaintiffs filed a Motion for a New Trial which was denied.

## **ARGUMENT**

The Plaintiffs' Bill of Costs contains fees to which they are not entitled. F.R.C.P. Rule 54 does not address with any specificity the types of costs a party may seek following judgment. However, the Plaintiffs' reference to 28 U.S.C. s. 1920 provides some guidance on this matter. According to 28 U.S.C. s. 1920, the judge or clerk may tax costs for the following: (1) fees of the clerk and marshal; (2) fees for the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts or interpreters. The majority of the costs requested by the Plaintiffs should be denied on the basis that they were not necessary to the Plaintiffs' case and, in most instances, never used at trial.

1) <u>Defendant Stipulated to Liability.</u>

Prior to trial, the Defendant stipulated to liability which narrowed the issues at trial to causation and the extent of the Plaintiffs' damages. The Defendant offered to prepare a Stipulation of Dismissal, however, the Plaintiffs refused to sign it arguing that they intended to put forward evidence of negligence on behalf of the entire restaurant in addition to negligent act of the employee who dropped the coffee. It was the Defendant's position that evidence of the design of the store and business practices that make up the Plaintiffs' negligence claim was unnecessary, duplicative and offered as an attempt to inflame the jury. The Court refused to allow this evidence since liability was already stipulated.

2) <u>Plaintiff Is Not Entitled to Costs for Liability Witnesses Never Called to Testify At Trial.</u>

The Plaintiffs are seeking costs associated with depositions and witness fees for which they are not entitled. Some of witnesses were not called by the Plaintiffs' at trial and, in fact, some were not even listed on the Plaintiffs' witness list for trial. The depositions were also obtained in order to support the Plaintiffs' theory of liability which the Court refused to hear since liability was already stipulated. The following witnesses and costs associated with them should be stricken from the Plaintiffs' Bill of Costs:

(1) Dennis Tarr $305.00 (including $50.00 witness fee)

(2) Dayonis Volquez $227.00 (including $50.00 witness fee)

(3) Brandon Sakurai $200.00 (including $50.00 witness fee)

(4) Lucrecia Perez $200.00 (including $50.00 witness fee)

(5) Yakov Klyachman $206.00 (including $50.00 witness fee)

None of the witnesses listed above were called by the Plaintiffs at trial. In fact, Dayonis Volquez and Lucrecia Perez were never listed on the Plaintiffs' witness list on the Pre-Trial Conference Memorandum. (Exhibit "B") The Plaintiffs' request for costs associated with witnesses that were not called at trial or even considered to testify should be denied.

3) <u>Defendant's Offer of Judgment Pursuant to Rule 68, MRCP of $50,000.00 Prior to Trial Precludes the Plaintiffs' from Recovering Any Costs.</u>

The Defendant on May 18, 2005 filed an Offer of Judgment pursuant to Rule 68, F.R.C.P. in the amount of $50,000.00 (Exhibit "A") which was rejected by the Plaintiffs'. Rule 68, F.R.C.P. provides for the awarding of costs to the Defendant not the Plaintiff as a result of the jury verdict of $10,000.00. The Plaintiff is barred from receiving any costs for trial by operation of Rule 68, F.R.C.P.

4) <u>The Plaintiffs Should Not Be Awarded Costs Since They Were Only Successful on One of Five Counts.</u>

The Plaintiffs are seeking costs associated with the deposition of the Plaintiff Robert Doucette in the amount of $308.50. The Court may award costs to a prevailing party pursuant to Rule 54, F.R.C.P., however, in the present case, the jury did not find in favor of the Plaintiff Robert Doucette or his three children. Clearly, Mr. Doucette was not a prevailing party and should not be entitled to any costs.

## **CONCLUSION**

WHEREFORE the Defendant Panera, Inc. moves this Honorable Court to deny the Plaintiffs' Bill of Costs Pursuant to Rule 54 together with any other relief this Court deems appropriate under the circumstances.

                                                            Respectfully submitted,
Panera Bread, Inc.
By its Attorneys,

<u>/s/ Christopher J. Sullivan</u>
Christopher J. Sullivan, BBO# 548137
Joseph A. Merlino, BBO# 648647
DAVIS, WHITE & SULLIVAN, LLC
One Longfellow Place, Suite 3609
Boston, MA  02114
(617) 720-4060

DATED:  _____

**CERTIFICATE OF SERVICE**

      I, Christopher J. Sullivan, counsel for the defendant Panera, Inc., do hereby certify on November 18, 2005, I served the Defendant's Opposition to Plaintiff's Bill of Costs on all parties of interest, by mailing copy of same, postage prepaid to:

Margaret G. Barmack, Esq.
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902

                                                  /s/ Christopher J. Sullivan
                                                  Christopher J. Sullivan