UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
                PLAINTIFFS

VS.                              CIVIL ACTION NO. 04-10960-RBC

PANERA, INC.,
                DEFENDANT

### DEFENDANT, PANERA, INC.'S MOTION FOR COSTS PURSUANT TO RULE 68

NOW COMES the Defendant Panera, Inc. and moves this Honorable Court to order the Plaintiffs to pay costs in the amount of $5,777.77. The Defendant brings this motion pursuant to F.R.C.P. Rule 68. As grounds therefore, the Defendants state the following:

(1) The case arises from an accident where the Plaintiff Taramattie Doucette sustained a burn to her ankle while a patron at the Panera Bread Restaurant in Swampscott, Massachusetts. Mrs. Doucette brought a negligence claim against the Defendant for injuries sustained as a result of the burn. Mrs. Doucette's husband, Robert Doucette brought a loss of consortium claim and three (3) separate claims for loss of parental companionship on behalf of their three (3) children.

(2) On May 17, 2005, the parties attempted to resolve the matter before trial through mediation. After exhaustive negotiations, the Defendant offered to resolve the matter for fifty thousand dollars ($50,000.00). The

        Plaintiffs claimed they were entitled to one hundred and forty-five thousand dollars ($145,000.00) and would not lower their demand any further. The settlement discussions broke down and the parties proceeded to prepare for trial.

(3) On May 18, 2005, the Plaintiffs' attorney, Margaret G. Barmack was served an "Offer of Judgment" in the amount of $50,000.00. The Offer of Judgment was served pursuant to Rule 68 of the Federal Rules of Civil Procedure. See Exhibit "A".

(4) The Plaintiffs' attorney failed to accept the Offer of Judgment within the ten (10) days proscribed under Rule 68 of the Federal Rules of Civil Procedure. Therefore, the offer was deemed withdrawn.

(5) The purpose and intent of Rule 68 is to encourage settlement and provide a disincentive to litigate disputed issues. The Defendant's Offer of Judgment in the amount of $50,000.00 was made in good faith and in the spirit of Rule 68.

(6) On October 6, 2005, a jury returned a verdict in favor of Plaintiff Taramattie Doucette in the amount of $10,000.00. The jury did not find in favor of Plaintiff Robert Doucette or the three children also named in the suit.

(7) On October 6, 2005, this Court entered Judgment in the amount of $11,686.60 which included the Jury's award and interest. See Exhibit "B".

(8) On October 16, 2005, the Plaintiffs filed a Motion for a New Trial which was denied by this Court.

(9) Since serving the Offer of Judgment upon Plaintiffs' counsel, the Defendant has incurred numerous costs in defending the claims brought by the Plaintiffs Taramattie Doucette, her husband and children.

(10) On October 12, 2005, the Defendant incurred costs in the amount of $2,900.00. This cost was associated with Defendant's expert witness, Joseph G. D'Alton, M.D. who reviewed the Plaintiff's medical records and provided oral testimony at trial. See Exhibit "C".

(11) The Defendant incurred $625.07 in costs associated with enlargements of exhibits used at trial. See Exhibit "D".

(12) The Defendant incurred $327.00 in costs associated with service of trial subpoenas. See Exhibit "E".

(13) The Defendant incurred $1,645.70 in costs to Investigative Resources, Inc. which obtained court documents relating to the Plaintiffs' separation and filing for divorce in Essex County Probate Court and obtained medical records of a prior motor vehicle accident in Lynn District Court both sets of documents which were used at trial. See Exhibit "F".

(14) The Defendant incurred $280.00 in costs to IDEX which obtained various periodicals and information relating to the Plaintiffs' expert witness, John T. Shulz. See Exhibit "G".

(15) Rule 68 of the Federal Rules of Procedure provides that "if the judgment finally obtained by the offeree is not more favorable than the offer, the

offeree **must** pay the costs incurred after the making of the offer."

(emphasis added)  Simonds v. Guaranty Bank and Trust Co. (1979 DC Mass) 480 F. Supp 1257.

(16)   In the present action, the Judgment of $11,686.60 was not more favorable than the offer of $50,000.00.

WHEREFORE the Defendant Panera, Inc. respectfully requests this Honorable Court to order the Plaintiffs to pay the Defendant's costs incurred after the service of the Offer of Judgment in the amount of $5,777.77 with any other relief this Honorable Court deems appropriate under the circumstances.

                                             Respectfully submitted,
                                             Panera Bread, Inc.
                                             By its Attorneys,

                                             /s/ Christopher J. Sullivan
                                             Christopher J. Sullivan, BBO# 548137
                                             Joseph A. Merlino, BBO# 648647
                                             DAVIS, WHITE & SULLIVAN, LLC
                                             One Longfellow Place, Suite 3609
                                             Boston, MA  02114
                                             (617) 720-4060

DATED:  _____

**CERTIFICATE OF SERVICE**

   I, Christopher J. Sullivan, counsel for the defendant Panera, Inc., do hereby certify on November 18, 2005, I served the Defendant's Motion For Costs Pursuant to Rule 68 on all parties of interest, by mailing copy of same, postage prepaid to:

Margaret G. Barmack, Esq.
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902

                /s/ Christopher J. Sullivan
                Christopher J. Sullivan