UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF SEAN
DOUCETTE, CHRISTOPHER DOUCETTE
AND PATRICK DOUCETTE,
          PLAINTIFFS

VS.          CIVIL ACTION NO. 04-10960-RBC

PANERA, INC.,
          DEFENDANT

### DEFENDANT, PANERA, INC.'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION FOR COSTS PURSUANT TO RULE 68

NOW COMES the Defendant Panera, Inc. and submits this memorandum in response to the Plaintiff's Opposition to the Defendant's Motion for Costs Pursuant to Rule 68 and in support of its Motion for Costs.

### ARGUMENT

At issue is whether or not the costs requested by the Defendant, Panera, Inc. pursuant to Rule 68 are limited by the provisions of Rule 54 and 28 U.S.C. s. 1920. It is the Defendant's position that the costs sought under Rule 68 are not only permissible, but further the purpose and intent of the Rule which is to encourage settlement and provide disincentive to litigate disputed issues. The Defendant made an Offer of Judgment pursuant to Rule 68 in the amount of $50,000.00 which the Plaintiffs rejected. A judgment was entered on behalf of the Plaintiff Taramattie Doucette in the amount of $11,686.60. The Defendant filed a Motion for Costs Pursuant to Rule 68 where it listed specifically the costs incurred in the course of litigation from the time the Offer of Judgment was made until the end of the trial. The Defendant has filed a Bill of Costs in

order to supplement its motion even though the costs were clearly stated in the memorandum. Because the Plaintiff Taramattie Doucette's award was less than the offer of judgment, the Defendant is entitled to seek costs incurred during litigation after the offer was made.

1) **The Defendant's Offer Of Judgment Met The Requirements Of Rule 68 And Was Made As A Legitimate Attempt To Settle The Dispute**

The Plaintiffs claim in their Opposition the Defendant's Offer of Judgment did not meet the requirements of Rule 68 because the Defendant did not "offer to pay the plaintiffs' costs accrued up to the time of the offer." The Defendants are not required by Rule 68 to explicitly offer to pay the Plaintiffs' costs when making an Offer of Judgment. In fact, the Plaintiffs are imposing a requirement that does not even exist.

The Plaintiffs are taking a portion of a sentence and misinterpreting it as an additional requirement imposed upon the defending party. The Rule states as follows:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or the effect specified in the offer, with costs then accrued.

The defending party may serve upon the plaintiff an offer to settle the case which includes compensation for the parties and costs associated with it. Implied in the Offer of Judgment are costs that would be allocated to plaintiffs' counsel. The fact that the Defendant did not state this in its Offer of Judgment does not make it void or in anyway insufficient. In Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012 (1985), the Court rejected the Plaintiff's argument the offer of judgment was insufficient stating, "It is immaterial

whether the offer recites that costs are included whether it specifies the amount . . . or, for that matter whether it refers to costs at all." Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012 (1985). The offer did not require specific language allocating costs. The Offer of Judgment was made in an attempt to avoid continued litigation which is clearly in the spirit of Rule 68.

> **2)** **The Plain Meaning of The Language Of Rule 68 Does Not Incorporate Rule 54 Or Rely On Any Other Statute To Define The Meaning Of Costs Since It Is Already Clear That The Costs Are Those Incurred Following the Offer Of Judgment.**

The Plaintiffs' argument that costs being sought under Rule 68 are limited to those which are properly taxable by a clerk under F.R.C.P. Rule 54 and 28 U.S.C. c. 1920 is misguided and leads to the present mischief. The Supreme Court of the United States has recognized that the plain purpose of Rule 68 is to encourage settlement and avoid litigation. Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012 (1985); citing Advisory Committee Note on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433 n.1 (1946), 28 U.S.C.App., p. 637; Delta Airlines, Inc. v. August, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981). The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits. Chesny at 5. It is clear that Rule 68's cost-shifting provision is generally intended to encourage settlement by providing both defendants and plaintiffs with strong incentives to end the litigation early. Erdman v. Cochise County Arizona, 926 F.2d 877, 880 (1991). Application of Rule 68 serves as a disincentive for the Plaintiffs' attorney to continue litigation after the defendant makes a settlement offer, and requires plaintiffs to think very hard about whether continued litigation is worthwhile. Id, citing Marek at 10-11. To accept the Plaintiffs' argument is to effectively

allow the Plaintiffs to ignore the "Offer of Judgment" without consequence.  Such an interpretation will render Rule 68 ineffective and a result inconsistent with the legislative aim and the express language of the Rule.

The Plaintiffs' argument that costs sought under Rule 68 has the same meaning as it has been given in interpreting Rule 54 does not afford the Defendant payment of its full cost "incurred after the making of the offer." F.R.C.P. Rule 68.  To allow this interpretation is to ignore the plain meaning of the language of Rule 68 which does not indicate the costs should be interpreted pursuant to Rule 54.

## CONCLUSION

The Court's decision to award those costs requested by Defendant would affirm the express language and legislative intent of F.R.C.P. Rule 68.  The Rule is not designed to be incorporated with F.R.C.P. 54, to protect the Plaintiffs from paying actual costs arising from taking a risk that turns out to be unfavorable.  To find otherwise would defeat the purpose of the Rule, to encourage settlement and avoid litigation.

The Defendant respectfully requests this Court to award costs in the amount of $5,777.77 as enumerated in its Motion for Costs Pursuant to Rule 68 and affirmed in the Supplemental Bill of Costs in support thereof.

Respectfully submitted,
Panera Bread, Inc.
By its Attorneys,

/s/ Christopher J. Sullivan
Christopher J. Sullivan, BBO# 548137
Joseph A. Merlino, BBO# 648647
DAVIS, WHITE & SULLIVAN, LLC
One Longfellow Place, Suite 3609
Boston, MA  02114
(617) 720-4060

DATED:   November 23, 2005