UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, INDIVIDUALLY
AND AS NEXT FRIEND OF CHRISTOPHER
DOUCETTE, SEAN DOUCETTE, AND
PATRICK DOUCETTE,
      PLAINTIFFS

VS.                         CIVIL ACTION NO. 04-10960-RBC

PANERA, INC.,
      DEFENDANT

### PLAINTIFFS' OPPOSITION TO DEFENDANT PANERA INC'S MOTION FOR COSTS PURSUANT TO RULE 68

Now come the plaintiffs to oppose the defendant's Motion for Costs Pursuant to Rule 68, and state as grounds for their opposition that:

1.    In order to be entitled to an award of costs from the plaintiffs pursuant to Rule 68 of the Federal Rules of Civil Procedure, the defendant must have made an offer of settlement in the form prescribed under Rule 68, which requires that the offer include a specific amount of money, "with costs then accrued." The defendant made an offer in the amount of $50,000, but did not offer to pay the plaintiffs' costs accrued up to the time of the offer. Since the defendant's offer of settlement did not meet the requirements of Rule 68, the defendant is not entitled to an award of costs incurred subsequent to its making the offer.

2.    In order to obtain an award of costs, the defendant must file a bill of costs, verified by affidavit, and the defendant has not done so;

3. The costs which may be awarded under Rule 68 are limited by the provisions of Rule 54 and 28 U.S.C. s. 1920; these costs include clerk and marshal fees, deposition expenses, printing fees, witness fees and witness' travel expenses, copying fees, and other specific costs. See, In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d 956, 962 (1st Cir. 1993), Goochis v. Allstate Ins. Co., 162 F.R.D. 248, 250 (D. Mass. 1995). The defendant's request for $2,900 fees for its medical expert's records review and testimony; $625.07 for enlargements of trial exhibits; $1,465.70 in investigative costs paid to Investigative Resources, Inc.; and $280 to IDEX for a records search on the plaintiffs' medical expert, are not costs which could be awarded under Rule 54 and 28 U.S.C. s. 1920, even if the defendant had made an offer conforming with Rule 68 and had filed a verified bill of costs supported by affidavit.

Wherefore, the plaintiffs oppose the award of the defendant's costs as requested in the defendant's Motion for Costs.

Respectfully submitted,

For the plaintiffs

Margaret G. Barmack
BBO No. 029660
Barmack & Boggs
41 Ocean Street
Lynn, MA 01902
Tel. 781-596-2540

## Certificate of Service

I, Margaret G. Barmack, hereby certify that the within Opposition was served on the defendant by facsimile and mailing postage paid on even date to Atty. Christopher Sullivan, at Davis, White & Sullivan, One Longfellow Place, Suite 3609, Boston, MA 02114.

Date: 11/22/05

_Margaret G. Barmack_
Margaret G. Barmack