# United States District Court
# District of Massachusetts

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, Individually
    And As Next Friend of
        CHRISTOPHER DOUCETTE,
        SEAN DOUCETTE,
        PATRICK DOUCETTE,
          Plaintiffs,

      v.                            CIVIL ACTION NO.2004-10960-RBC

PANERA, INC.,
        Defendant.

## MEMORANDUM AND ORDER ON DEFENDANT PANERA, INC.'S MOTION FOR COSTS PURSUANT TO RULE 68 (#84) AND DEFENDANT, PANERA, INC.'S MOTION FOR COSTS PURSUANT TO RULE 54 (#85)

COLLINGS, U.S.M.J.

    The defendant, Panera, Inc. ("Panera"), was the prevailing party as against plaintiffs Robert Doucette, individually and as next friend of Sean

Doucette, Christopher Doucette and Patrick Doucette, and so seeks its costs pursuant to Rule 54, Fed. R. Civ. P. and 28 U.S.C. §1920.(#85)  Further, because the jury award to plaintiff Taramattie Doucette was less than the offer of judgment made by Panera, the defendant also seeks its costs pursuant to Fed. R. Civ. P. 68. (#84)  The plaintiffs have submitted oppositions to both motions. (##91,92)  Panera has filed a motion for leave to file a reply. (#88)[1]  At this juncture, the question of the defendant's costs is ripe for decision.

The issues raised by the plaintiffs shall be addressed seriatim.  It is first argued that the defendant's requests should be denied because no bill of costs, verified by affidavit, had been filed.  This defect was remedied by the filing of supplemental bills of costs, so the initial point is moot.

Next the plaintiffs contend that Panera is not entitled to costs under Rule 68 because its offer of judgment was defective in that it failed to incorporate a specific offer for costs accrued to date.  This argument is without merit.  *See Marek v. Chesny*, 473 U.S. 1, 3, 105 S.Ct. 3012, 3015 (1985)("Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter,

---

[1] This motion has been allowed and the reply brief was considered in deciding the pending motions.

2

whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid.") Panera's offer of judgment falls within the parameters set forth in *Marek* and so was effective under the rule.

Lastly the plaintiffs argue that the costs properly recoverable pursuant to Rule 68 are limited to those allowable under Rule 54 and 28 U.S.C. §1920. ("§ 1920) Many of the costs sought by the Panera fall outside the strictures of §1920 and so, according to the Doucettes, should be denied. This point is well taken.

As noted in a leading treatise, "[t]he post-offer costs recoverable, though, in the usual case are only those listed in 28 U.S.C. §1920, which enumerates several items that are mostly relatively minor, including fees for clerk and marshal, court reporter, printing, witnesses, copying, docket charges, court-appointed experts, and interpreters." 13 *Moore's Federal Practice,* §68.08[2] (Matthew Bender 3d ed.)(footnote omitted); *accord* Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil 2d §3006 (1997)("In each instance, the costs recoverable under Rule 68 are defined in the same way costs are customarily defined; the rule does not provide an independent warrant for

recovery of other costs.")(footnote omitted).  Courts that have addressed the question have concluded that, generally speaking, those costs subject to the cost-shifting provisions of Rule 68 are limited to those enumerated in 28 U.S.C. §1920.  For example, as explained by the Tenth Circuit:

> "Costs" typically are defined by reference to 28 U.S.C. §1920 and include things such as filing fees and court reporter fees.  In *Marek*, however, the Supreme Court stated that "costs" also are defined by the underlying substantive law. 473 U.S. at 9, 105 S.Ct. at 3016-17. Thus, the Court held that attorneys' fees in a civil rights action under 42 U.S.C. §1983 are "costs" because the fee statute, 42 U.S.C. §1988, provides that a prevailing party in a §1983 action may be awarded attorneys' fees "as part of the costs." *Id*. From *Marek*, then, we derive the general rule that "the costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. §1920, unless the substantive law applicable to the particular cause of action expands the general §1920 definition." *Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir.1990).

*Knight v. Snap-On Tools Corp*., 3 F.3d 1398, 1404 (10 Cir., 1993)(footnote omitted).

In the instant case, Panera has not pointed to any statute or other authority which would permit an expansion of the categories of costs allowable under §1920.  Consequently, only those costs designated within the confines of §1920 shall be awarded.

4

Pursuant to 28 U.S.C. §1920(1), the defendant requests three hundred twenty-seven dollars ($327.00) as fees for the marshal for service of trial subpoenas. With copies of the invoices having been submitted, these costs are properly compensable and so shall be taxed.

Pursuant to subsection (2) of section 1920, the defendant seeks to be reimbursed for the fees of the court reporter incurred in taking the deposition of Robert Doucette. Again Panera has filed documentation to support its request, and so the amount of three hundred thirty-three dollars ($333.00) shall be taxed.

Lastly Panera asks to be compensated for costs for an expert witness, costs associated with the enlargement of certain trial exhibits, costs paid to Investigative Resources, Inc., a company employed to obtain court documents and medical records, and costs paid to IDEX, a company that undertook an investigation of the plaintiffs' expert witness. None of these costs falls within the categories delineated in §1920 and, consequently, they shall not be taxed as costs of the litigation.

For the reasons stated it is ORDERED that Defendant Panera, Inc.'s Motion for Costs Pursuant to Rule 68 (#84) be, and the same hereby is, ALLOWED to the extent that costs in the amount of three hundred twenty-seven dollars

($327.00) shall be taxed, and otherwise DENIED. It is FURTHER ORDERED that Defendant, Panera, Inc.'s Motion For Costs Pursuant To Rule 54 (#85) be, and the same hereby is, ALLOWED to the extent that costs in the amount of three hundred thirty-three dollars ($333.00) shall be taxed, and otherwise DENIED.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

Date: March 23, 2006.