# United States District Court
# District of Massachusetts

TARAMATTIE DOUCETTE,
ROBERT DOUCETTE, Individually
    And As Next Friend of
        CHRISTOPHER DOUCETTE,
        SEAN DOUCETTE,
        PATRICK DOUCETTE,
        Plaintiffs,

      v.                  CIVIL ACTION NO. 2004-10960-RBC

PANERA, INC.,
        Defendant.

## *MEMORANDUM AND ORDER ON PLAINTIFFS' (SIC) BILL OF COSTS PURSUANT TO RULE 54 (#90)*

COLLINGS, U.S.M.J.

    Plaintiff Taramattie Doucette ("Ms. Doucette"), the prevailing party at trial in her claim against defendant Panera, Inc. ("Panera"), has filed a bill of costs (#90) seeking to be reimbursed a total of two thousand three hundred seventy-five dollars and fifty cents ($2,375.50). Panera has filed an opposition to the bill (#83) arguing that, in the circumstances of this case, Ms. Doucette

is not entitled to any costs. With the plaintiff having filed a reply brief (#93), the record on the Ms. Doucette's requested costs is complete.

At the outset it is to be noted that the bill of costs form indicates that supporting documentation, i.e., paid invoices, should be provided in support of the costs claimed. Absolutely no documentation has been submitted by the plaintiff to support her request for costs. The invoices for the reporters for the deposition transcripts should have been submitted. Further, the amounts sought for witness fees are more than allowed by statute. *See* Title 28 U.S.C. §1821(b) ("(b) A witness shall be paid an attendance fee of $40 per day for each day's attendance.").

Those points aside, Panera argues that because it stipulated to liability pretrial Ms. Doucette did not use certain of the depositions for which she seeks recompense because the witnesses were not called at trial. The law in the First Circuit is that "[a]bsent special circumstances, only those depositions actually introduced in evidence or used at trial may be taxed as costs. *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir.1985)." *Garshman Co., Ltd. v. General Elec. Co., Inc.*, 993 F. Supp. 25, 29 (D. Mass., 1998), *aff'd*, 176 F.3d 1 (1 Cir., 1999); *see also Data General Corp. v. Grumman Systems Support Corp.*,

825 F. Supp. 361, 367 (D. Mass., 1993), *aff'd and remanded,* 36 F.3d 1147 (1999). The fact that the stipulation with respect to liability did not come until after discovery had been taken does not constitute a "special circumstance" such that the costs of the depositions should be awarded. Because the transcripts were not introduced into evidence or used at trial, the costs and fees associated with the depositions of Dennis Tarr, Dayonis Volquez, Brandon Sakurai, Lucrecia Perez and Yakov Klyachman are not recoverable.

The plaintiff seeks to be reimbursed for the cost of her own deposition. Without doubt, plaintiff's counsel was aware of what Ms. Doucette's testimony would be. Copies of transcripts made for the convenience of counsel are not "necessarily obtained for use in the case." *See Templeman v. Chris Craft Corp.,* 770 F.2d 245, 249 (1 Cir.), *cert. denied,* 474 U.S. 1021 (1985). Absent some explanation as to why the transcript of the plaintiff's deposition was ordered of necessity rather than for convenience, the cost shall not be awarded. The same holds true with respect to the deposition transcript for Robert Doucette.

One of the remaining depositions for which costs are requested was taken after the defendant's offer of judgment pursuant to Rule 68, Fed. R. Civ. P.

(#83, Exh. A[1])  As explained in a leading treatise, "[o]ne of the cost-shifting consequences of Rule 68 is that the plaintiff-offeree must both bear its own post-offer costs and those of the offeror, although this is not explicitly stated in the text of the Rule."  See 13 *Moore's Federal Practice*, §68.08[2] (Matthew Bender 3d. ed.)(footnote omitted); *accord* Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil 2d §3006 (1997)("Once Rule 68 comes into play because a plaintiff has rejected an offer of judgment and obtained a less favorable judgment...[p]laintiff...cannot recover otherwise awardable costs incurred after the date of the offer, and it also must pay the defendant's costs incurred after that date.")(footnotes omitted); *see also Crossman v. Marcoccio*, 806 F.2d 329, 332 (1 Cir., 1986), *cert. denied*, *Marcoccio v. Crossman*, 481 U.S. 1029 (1987)[2].  Thus, under Rule 68, Ms. Doucette is not entitled to recover the

---

[1] Plaintiff's contention that Panera's offer of judgment is defective because it failed to conform with the requirements of Rule 68 is without merit.  See *Marek v. Chesny*, 473 U.S. 1, 3, 105 S.Ct. 3012, 3015 (1985)("Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid.")

[2] "If we were to interpret Rule 68 merely to deny plaintiffs their own post-offer costs, then there would be significantly less incentive for both sides to undertake a prudent assessment of the 'risks and costs' of litigation. Reading Rule 68 to require the payment of defendants' post-offer costs by miscalculating plaintiffs enhances both defendants' incentive to extend Rule 68 offers of judgment and plaintiffs' incentive to accept such offers." *Crossman*, 806 F.2d at 332.

costs and fees associated with the deposition of Paula Hovey[3], or the trial witness fees for Paula Hovey and Susan Burke.

The final remaining items are the costs for the court filing fee and the deposition transcript of Susan Burke. The filing fee of one hundred and fifty dollars ($150.00) is plainly recoverable under 28 U.S.C. §1920(1). From all that appears, the cost requested for the Burke deposition, one hundred seventy-seven dollars and fifty cents ($177.50), is also recoverable by Ms. Doucette once proper documentation supporting the claim is submitted.

For the reasons stated, it is ORDERED that a total of three hundred twenty-seven dollars and fifty cents ($327.50) be, and the same hereby is, AWARDED to Ms. Doucette as the costs of this litigation once the properly authenticated, paid invoice for the deposition transcript of Susan Burke is filed with the Court.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

Date: March 23, 2006.

---

[3] Although already excluded on other grounds, this reasoning applies equally to the costs and fees relating to the deposition of Yakob Klyachman.